**In the Matter of Christopher John BUMP and Kathleen Donna Bump, Debtors.**

**Bankruptcy No. 84–01739.**

United States Bankruptcy Court, D. New Jersey.

July 19, 1985.

---

Dean Sutton, Augusta, N.J., for debtors.

Charles Forman, Rodino, Forman & D'Uva, Roseland, N.J., trustee for Ch. 7.

John J. Scura, Wayne, N.J., trustee for Ch. 13.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The instant matter concerns a motion by the debtors praying for the entry of an order compelling the Chapter 7 trustee to turn over to the debtors funds received from the former Chapter 13 trustee. For the reasons set forth below, this Court finds for the trustee and, accordingly, denies the debtors' motion.

The debtors herein filed a petition in bankruptcy under Chapter 13 of Title 11 of the United States Code on April 3, 1984. During the course of the proceeding under Chapter 13, the debtors remitted funds to the standing trustee, John J. Scura. By virtue of an order of this Court entered July 31, 1984, the proceeding was converted to a Chapter 7 liquidation. The debtors requested Scura return to them any of the funds he held from the Chapter 13 proceeding. Scura informed the debtors he had forwarded all the funds to Charles M. Forman, the Chapter 7 trustee. When demand for the funds was made upon Forman, he refused, stating he held the right to possess them.

Debtors rely entirely upon a provision incorporated in the Local Rules of Bankruptcy Practice for this Court. Local Rule 13–1, governing the commencement of payments under proposed Chapter 13 plans, states in its last paragraph: "[i]n the event a Chapter 13 plan is not confirmed, the standing trustee shall refund to the debtor any monies paid pursuant to the order." The debtors assert that, upon the circumstances herein, the local rule establishes their right to the funds.

In essence, the trustee argues that Local Rule 13–1 is subordinate to the Bankruptcy Rules promulgated by the Supreme Court, specifically, Rule 1019. Paragraph 5 of Rule 1019 reads as follows:

Turnover of Records and Property. After qualification of, or assumption of duties by the chapter 7 trustee, any debtor in possession or trustee previously acting in the chapter 11 or chapter 13 case shall, forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all records and property of the estate in his possession or control.

The trustee refers to the General Statement prefacing the Local Rules, which states the Local Rules "shall be followed, insofar as they are not inconsistent with the Bankruptcy Act, Code and the Bankruptcy Rules." The trustee asserts if he were to abide by the local rule, he would, indeed, obtain a result inconsistent with the applicable bankruptcy rule. Therefore, he is dutybound to act in accordance with Rule 1019[5].

The local rule contemplates the general situation wherein the debtor's proposed Chapter 13 plan fails to reach the confirmation stage. Obviously, it is only equitable for the debtor to receive a refund of any monies paid pursuant to a plan which never is effectuated. However, the matter presently before the Court is not one of a failed Chapter 13 proceeding, but one of an unworkable Chapter 13 proceeding converted to a liquidation under Chapter 7.

This exact scenario is addressed in Bankruptcy Rule 1019[5]. Referring again to the General Statement prefacing the text of our local rules, we note that, with reference to the Bankruptcy Rules' scope, it

specifically states "[t]he new rules govern practice and procedure in cases under Title 11." Furthermore, we again note the edict demanding the local rules must yield if inconsistent with the bankruptcy rules. Thus, the preeminence of the bankruptcy rules is unequivocally established. Additional support may be found in the Advisory Committee Note to Rule 1019, which states that, subsequent to conversion, the Chapter 7 trustee "will forthwith take charge of the property of the estate and proceed expeditiously to liquidate it." It cannot be denied that subject funds were, at the time of payment to the Chapter 13 trustee, property of the debtor and, thus, upon conversion of that proceeding to one under Chapter 7, became property of the Chapter 7 estate.

Based on the foregoing, this Court hereby concludes that the Chapter 7 trustee is entitled to possession of the funds turned over to him by the debtors' former Chapter 13 trustee by virtue of Bankruptcy Rule 1019[5]. Local Rule 13-1 is held inapplicable to the instant matter and, accordingly, the motion of the debtors is denied.

Submit an order in accordance with the above.