In re Warren M. DYESS, Jr., Vicki Karen Free Dyess.

**Bankruptcy No. 586–00256–S07.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

Sept. 10, 1986.

William T. Allison, Shreveport, La., for debtors.

Chatham H. Reed, Simon, Fitzgerald, Cooke, Reed & Welch, Shreveport, La., for trustee.

## MEMORANDUM AND OPINION

STEPHEN V. CALLAWAY, Chief Judge.

The Trustee in this Chapter 7 bankruptcy seeks an order precluding these debtors from asserting under La.R.S. 20:1 a homestead exemption of $15,000.00 on real estate located in Shreveport, Louisiana. The Court conducted a hearing on June 24, 1986, on the objection of the Trustee and took the matter under advisement.

The record indicates that on January 28, 1986, the debtors filed for protection under Chapter 13 of the Bankruptcy Code. The debtors' Chapter 13 statement and plan along with their B4 schedule was filed on February 18, 1986. As part of their B4 schedule, the debtors claimed as exempt $15,000.00 in equity in their residence located in Shreveport, Louisiana. The Trustee does not contest the fact that at the time the petition was filed and at the time the schedules were filed, the debtors resided at their Shreveport, Louisiana, homestead. However, in April of 1986, Mr. Dyess who was unable to secure employment in Louisiana, found employment in Mississippi and moved to Mississippi. Shortly thereafter on April 4, 1986, the debtors filed a motion to convert the Chapter 13 proceeding to one under Chapter 7.

Both the debtors and the Trustee argue that the pertinent issue in this case is whether the date of filing of the petition for relief under Chapter 13 or the date the

Chapter 13 case is converted to a Chapter 7 is controlling for the determination of the exempt status of the former homestead. Recent case law seems clear that an analysis of 11 U.S.C. § 541 and 11 U.S.C. § 348 indicates that in a case converted from a Chapter 13 to a Chapter 7 liquidation proceeding the property of the estate consists of all property in which the debtor has an interest on the date of conversion. See *In Re Lindberg*, 735 F.2d 1087 (8th Cir.1984) and *In Re Kao*, 52 B.R. 452 (Bkrtcy. Oregon 1985). The reason for this rule is quite simple. In a Chapter 13 after-acquired property also becomes property of the estate. See 11 U.S.C. § 1306(a). Therefore, it is only logical that property of the Chapter 7 case in a converted Chapter 13 case should be determined on the date of conversion, otherwise the after-acquired property could not be included in the Chapter 7 estate. During the course of a Chapter 13 plan a debtor may sell, abandoned and consume or dispose of most or all of his assets. Thus, the possibility of after-acquired property means that by the time the conversion of the estate has taken place, the estate may have completely changed in character and amount. We note that this reasoning is consistent with § 348(d) which allows the debtor to discharge claims arising during the pendency of the Chapter 13 but before conversion. Thus, it is only reasonable that the debtor be required to place after acquired property into the Chapter 7 estate if he is going to be relieved from liability of post-petition claims. With that idea in mind, the debtor is usually required to file a new schedule upon the conversion of a Chapter 13 to a Chapter 7. Thus, we must conclude that the date of conversion determines what exemptions may be claimed.

We note in comparison the *Lindberg* case cited above. In *Lindberg* the debtors filed a joint petition for relief under Chapter 13. At that time, the debtors owned a home in New Town, North Dakota, where they resided and a farm in Burke County, North Dakota. When they initially filed their Chapter 13 proceeding, the debtors in *Lindberg* designated a homestead exemp-

tion on their home. After the Chapter 7 conversion, the Lindbergs filed an amended schedule changing their homestead exemption from the home to the farm that they moved to. The Bankruptcy Court denied the objection of the Trustee that the debtors were bound by their original homestead exemption and allowed the amendment under old Bankruptcy Rule 110 and new Bankruptcy Rule 1019 and 1009. In a Chapter 7 liquidation a debtor may exempt from the property of the estate homesteads such as that in issue in this case. For this purpose, the debtor files a list he claims as exempt and unless there is an objection filed, the property claimed is exempt.

■ Bankruptcy Rule 1019 provides:

When a Chapter 13 case has been converted to a Chapter 7 case, lists, inventories and schedules theretofore filed, shall be deemed filed in the Chapter 7 case unless the Court directs otherwise. If they have not been previously filed, the debtor shall comply with Bankruptcy Rule 1007 as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under Chapter 7.

The advisery note to Rule 1019(1) explains that when the debtor in a converted case has not previously prepared a schedule of assets he must do so as if a Chapter 7 petition had been filed on the date of conversion. However, in this case the debtors had filed their schedule of assets which claimed the exemption at the time of the initial Chapter 13 proceeding and thus, under Bankruptcy Rule 1019 these schedules are deemed filed in the Chapter 7 case. The Court notes that we can allow the debtors to amend their schedule of assets and list of claimed exemptions under Bankruptcy Rule 1009 which provides that the debtors may amend as a matter of course at any time before the case is closed their schedules or statement of financial affairs. Such an amendment would only indicate that as of the conversion date, the debtors

were claiming the same exemption that they claimed at the time of the filing of the Chapter 13 petition. However, at the time of conversion, on April 4, 1986, the Court cannot conclude based on the present record, that the debtors intended to abandon their homestead exemption under La. R.S. 20:1.

■ Louisiana Law requires a homestead to be occupied as such in order for the homestead exemption to apply. Under Louisiana case law, after a person claiming the homestead exemption has actually resided upon the property with his family, the change of residence to another place does not of itself cause a forfeiture of the homestead right. See *Leon v. Audrey*, 106 La. 356, 31 So.2d 38th (1901). Rather an abandonment of homestead is a question of intent to be determined from all the circumstances. See *Minden Hardware and Furniture Company v. Smith*, 165 La. 98, 115 So.2d 381 (1928). Abandonment of a homestead is not to be presumed and even a temporary absence does not create a presumption of intent to abandon. Thus, it is the burden of the party alleging abandonment to clearly establish that abandonment has occurred. See *Smith v. Marino*, 28 So.2d 780 (1947).

Now that this Court has determined that it is the date of conversion that is paramount for determining whether or not the homestead exemption may be claimed on the Shreveport property, we must order that a rehearing be held because at the time of the June 24, 1986, hearing no evidence was aduced by either side to determine whether or not the homestead as of April 4, 1986, had in fact been abandoned as that term is applied under Louisiana Law. See *Leon*, supra. Accordingly,

IT IS ORDERED that a rehearing be GRANTED for the taking of testimony on the Trustee's objection to claim of homestead exemption. The rehearing will be held on October 6, 1986, at 9:00 A.M., 3rd Floor Federal Building, 500 Fannin Street, Shreveport, Louisiana.