**In re DANIELS, Jimmy S.S.**
**# 250–60–2563,**

**Daniels, Rosemary S.S.**
**# 166–38–8688, Debtors.**

**Bankruptcy No. 87–01843–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 30, 1987.

Robert L. Roth, Miami, Fla., trustee.

Jordan Bublick, Miami, Fla., for debtors.

**ORDER ON MOTION FOR RETURN OF PAYMENTS BY DEBTORS, AND FOR APPROVAL AND PAYMENT OF COUNSEL FEES**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CASE came on to be heard on October 9, 1987 on the Debtor's Motion for Return of Payments by Debtors, and for Approval and Payment of Counsel Fees, at which time the Court heard argument of the Trustee and argument of the counsel for the Debtors.

The Debtors request the return of monies paid to the Chapter 13 Trustee during

the pendancy of their Chapter 13 case. The Debtors' proposed Chapter 13 Plan was not confirmed and the Debtors chose to convert the case to Chapter 7. The Debtors argue that monies paid to the Chapter 13 Trustee pursuant to a proposed Chapter 13 Plan do not constitute an asset of the Chapter 7 estate where the Debtors' Plan is not confirmed and the case is converted to Chapter 7 at the request of the Debtors.

The Trustee argues that the said monies constitute an asset of the Chapter 7 estate and should be paid by the Chapter 13 Trustee to the Chapter 7 Trustee upon conversion of the case to Chapter 7. The Trustee relies on the cases on *In re: Dyess,* 65 B.R. 143 (Bkrtcy W.D.La.1986); *In re: Bump,* 54 B.R. 657 (Bkrtcy D.N.J.1985); *In re: Wanderlich,* 36 B.R. 710 (Bkrtcy W.D. N.Y.1984). The Debtors have not submitted any case law but merely rely on 11 U.S.C. § 1326(a)(2).

Although the Court is aware of decisions favorable to the position taken by the Debtors, it is the opinion of this Court that monies paid to the Chapter 13 Trustee during the pendency of a Chapter 13 case become an asset of a Chapter 7 case where confirmation of the Debtors' proposed Chapter 13 Plan is denied and the Debtors choose to voluntarily convert the case to Chapter 7. In this regard, the Court agrees with the decisions relied upon by the Chapter 13 Trustee in this case, *In re: Dyess,* supra; *In re: Bump,* supra; *In re: Wanderlich,* supra. See contra *In re: Lennon,* 65 B.R. 130 (Bkrtcy N.D.Ga.1986); *In re: Richardson,* 20 B.R. 490 (Bkrtcy W.D.N.Y.1982). The Debtor has not asserted a claim of exemption with respect to these funds and, therefore, the Court does not reach the question of whether these funds may be claimed as exempt in the chapter 7 proceeding.

Accordingly, the Debtors' motion for return of the said funds be, and the same is hereby, denied and the Chapter 13 Trustee is authorized to pay the said funds to the Chapter 7 Trustee forthwith.

Lastly, counsel for the Debtors requests that the Court award an attorney's fee to him out of the said funds. The Trustee argues that counsel for the Debtors would have an administrative claim for fees earned during the pendency of the Chapter 13 case and that said claim should be filed in the Chapter 7 case for proper allowance and distribution in accordance with the provisions of Chapter 7. The Court agrees with the Trustee and specifically does not decide any entitlement to such fees on behalf of the counsel for the Debtors but reserved a decision on that point until such time as the issue is properly before the Court.