**In re Kevin C. and Catherine L. INGLE, Clyde J. and Aletha J. Coffee, Janis Goodlow, Gary White, Marcellus L. and Anne D. Gambril, James H. Tisdale, Arthur J. Hautala, Debtors.**

**Bankruptcy Nos. 88–01627–R, 88–01944– R, 88–02055–R, 88–02592–R, 88–02604–R, 88–03190–R and 88–03629–R.**

United States Bankruptcy Court, E.D. Michigan.

Sept. 23, 1988.

David Lewiston, John Lange, Southfield, Mich., Michael Bolton, Warren, Mich., J. Michael Hill, Allen Park, Mich., Rose Mons Hooper, Detroit, Mich., James Rowe, Flint, Mich., for debtors/respondents.

Michael Khoury, Detroit, Mich., for DMR Financial Services, Inc.

Craig Schoenherr, Sterling Heights, Mich., for GMAC.

## SUPPLEMENTAL OPINION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

In these seven Chapter 13 cases, a common question of law is raised: Is a secured creditor entitled to pre-confirmation payments? On July 27, 1988, following the arguments of counsel and the trustee, the Court announced its decision that secured creditors are entitled to their regular monthly payments as adequate protection under 11 U.S.C. §§ 361, 362, and 363. This opinion supplements that decision.

The issue is raised by DMR Financial Services, Inc. (DMR), and General Motors Acceptance Corporation (GMAC). DMR holds the first mortgage on the personal residences of the debtors in *In re Ingle* (No. 88–01627), *In re Coffee* (No. 88–01944), and *In re Goodlow* (No. 88–02055). DMR seeks orders compelling payment of the regular monthly mortgage payments, arguing that otherwise these debtors will be several months further behind when (and if) their plans are confirmed.

GMAC holds security interests in automobiles owned by the debtors in *In re White* (No. 88–02592), *In re Gambril* (No. 88–02604), *In re Tisdale* (No. 88–03190), and *In re Hautala* (No. 88–03629). It seeks the same relief as DMR.

The trustee objects to the relief sought in each case, arguing that pre-confirmation distributions to creditors are prohibited by 11 U.S.C. § 1326(a)(2).

The debtors take varying positions. In *Gambril* and *Goodlow*, the debtors' attorneys argue that the relief sought would violate the priority accorded to administrative expenses (primarily attorney fees) pursuant to 11 U.S.C. § 507(a)(1). In the *Cof-*

*fee* case, the debtors agreed with the trustee that 11 U.S.C. § 1326(a)(2) prohibits pre-confirmation distributions. The other debtors indicated their agreement with the relief sought.

## II.

11 U.S.C. § 1306 provides:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

Thus, in the post-petition, pre-confirmation period, a debtor's home and automobile are property of the estate, although the debtor remains in possession of them. Also, the debtor has certain additional rights pursuant to 11 U.S.C. § 1303:

Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title.

11 U.S.C. § 363(e), to which reference is made in section 1303, provides:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Thus, a Chapter 13 debtor has an obligation to provide adequate protection to a creditor who holds a security interest in property used by the debtor in the pre-confirmation time period. *See In re English (General Motors Acceptance Corp. v. English)*, 20 B.R. 877, 879 (Bankr.E.D.Pa.1982); *In re Brickel (Brickel v. Merchants National Bank of Manchester)*, 11 B.R. 353, 355 (Bankr.D.Me.1981); *In re Williams (ABD Federal Credit Union v. Williams)*, 6 B.R. 789, 792 (Bankr.E.D.Mich.1980).[1] *See also In re Johnson*, 63 B.R. 550 (Bankr.D.Colo.1986).

DMR and GMAC assert that in the circumstances of a home loan or an automobile loan, adequate protection should consist of the debtor's regular monthly loan payment. The Court agrees. Such a requirement is consistent with 11 U.S.C. § 361(1),[2] and none of the parties in these seven cases have argued for any different

---

1. Regrettably, none of these decisions were cited by any of the attorneys.

2. 11 U.S.C. § 361(1) provides:
   When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
   (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property.

In this regard, the Court must also conclude that mere filing of a plan does not adequately protect the secured creditor. *In re Hinckley*, 40 B.R. 679, 681 (Bankr.D.Utah 1984). Nor is it sufficient protection to the secured creditor that the debtor makes the pre-confirmation plan payments to the trustee, as required by 11 U.S.C. § 1326(a)(1). Under section 1326(a)(2), all payments to the trustee are returned to the debtor if the plan is not confirmed. Thus, if on the eve of confirmation, often 4–6 months after filing, the debtor dismisses the petition, the secured creditor will have received no payments for the debtor's use of the secured property. *But see In re Redick*, 81 B.R. 881 (Bankr.E.D.Mich.1987),

adequate protection requirement.[3]

The Court further concludes that the debtors should make these pre-confirmation adequate protection payments to the secured creditors through the trustee's office. This will allow the trustee to fulfill his duties to monitor the debtors' compliance and to report to the Court at the confirmation hearing. After confirmation, the secured creditors' claims will be paid through the trustee in most cases, and confusion will be minimized if the debtors make all of the required Chapter 13 payments that way. *See also* 11 U.S.C. § 363(e).

### III.

The Court must reject the trustee's argument that the relief sought is prohibited by 11 U.S.C. § 1326(a), which provides:

> (a)(1) Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.
>
> (2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

The issue is whether an adequate protection payment, ordered by the Court pursuant to 11 U.S.C. §§ 1303 and 363(e), is "a payment made under [subsection (a)]," so that it must be "retained by the trustee until confirmation or denial of confirmation." 11 U.S.C. § 1326(a)(2). Because subsection (a) refers to "payments proposed by the plan," and not to court ordered adequate protection payments, it

must be held that 11 U.S.C. § 1326(a) does not apply.

Beyond that, the Court recognizes that the protection accorded a secured creditor's property interest in collateral has roots in the Fifth Amendment. *See Wright v. Union Central Life Ins. Co.,* 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (1940); *In re Johnson,* 63 B.R. 550, 551 (Bankr.D.Colo.1986). *See also United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). Thus, the Court must reject any interpretation of section 1326(a) that prohibits pre-confirmation adequate protection payments.

### IV.

Likewise, the Court rejects the debtors' arguments in *Gambril* and *Goodlow* that granting the relief sought would violate the priority accorded to administrative expenses pursuant to 11 U.S.C. § 507(a)(1). In fact, section 507(a) sets forth no priority at all for secured creditors' claims. Accordingly, there is no priority violation. A debtor's obligation to provide adequate protection to the secured creditor before a plan is confirmed is independent of the debtor's obligation to pay the other claims according to the priorities of section 507(a).

Accordingly, the motions of DMR and GMAC are granted.

---

regarding the distribution of funds upon conversion to Chapter 7.

**3.** The Court foresees that the regular monthly payments ordinarily would be adequate protection for the secured creditor; in any given case, however, the regular monthly payment may be too much or too little. In any event, the parties remain free to litigate the amount of the adequate protection payments in any particular case.