In the Matter of Robert Curtis HOLLY, Sharon Dawne Holly, Debtors.

**FORD MOTOR CREDIT COMPANY, Movant,**

v.

**Robert Curtis HOLLY, Sharon Dawne Holly, Respondents.**

**Bankruptcy No. 488–01249.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

June 2, 1989.

Kathleen Horne, Savannah, Ga., for movant.

R. Wade Gastin, Savannah, Ga., for respondents.

### ORDER ON MOTION FOR ORDER AUTHORIZING AND DIRECTING TRUSTEE TO PAY ADMINISTRATIVE EXPENSES

LAMAR W. DAVIS, Jr., Chief Judge.

Ford Motor Credit Company ("FMCC"), a secured creditor in the above-captioned

case, filed a Motion asking this Court to authorize and direct the Chapter 13 Trustee to make pre-confirmation payments to FMCC of an amount equal to FMCC's regular monthly payments. The Debtor did not oppose the creditor's request. However, the Chapter 13 Trustee objected on the ground that 11 U.S.C. Section 1326 provides that pre-confirmation payments shall be retained by the Trustee until "confirmation or denial of confirmation of a plan." That section goes on further to provide "if a plan is confirmed the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title."

In Chapter 13 cases in this District, the Court has previously ruled that in the event of dismissal prior to confirmation, the trustee is authorized and directed under 11 U.S.C. Section 1326(a)(2) to pay as administrative expense claims to all secured creditors a pro-rata portion of the monies held by the trustee. The Motion before me now, in essence, seeks similar relief in all Chapter 13 cases which are converted prior to confirmation or, alternatively, for direct monthly payments by the Chapter 13 Trustee of secured creditors' claims, prior to confirmation.

Based on the language of 11 U.S.C. Section 1326, I conclude the later form of relief can not be obtained. However, upon consideration of applicable provisions of the Bankruptcy Code I conclude that relief similar to that which is provided in dismissed cases should be provided to secured creditors in converted cases.

During the pendency of every Chapter 13 case, each secured creditor who was to receive payments from the Chapter 13 Trustee under the terms of the Debtor's proposed plan has received no payment. The Chapter 13 Trustee has accumulated payments made to her by the Debtor pending confirmation of the Chapter 13 plan. 11 U.S.C. § 1326(a). Each secured creditor's interest in its collateral has been impaired to the extent that it has received no

payment and has been prevented from foreclosing its security interest by the automatic stay of 11 U.S.C. Section 362(a).

The Debtor has provided "adequate protection" to each secured creditor by making pre-confirmation payments to the Chapter 13 Trustee. *In re Coplin,* No. 386–00886 (B.C.S.D.Ga.1987); 11 U.S.C. § 361(1). Upon confirmation of the Debtor's plan, these accumulated funds would have been distributed pro-rata to secured creditors to compensate them for the delay they have endured as a result of the automatic stay. Because this case has been converted prior to confirmation of a plan, secured creditors will receive no payment on account of the plan; the "adequate protection" provided by the Debtor in the form of payments to the Trustee has proven to be inadequate.

When "adequate protection" proves to be inadequate, all affected secured creditors are entitled to alternative compensation in the form of an administrative expense claim. 11 U.S.C. § 507(b). They are entitled to pro-rata satisfaction of those claims out of the monies which the Debtor has paid to the Trustee. 11 U.S.C. § 1326(a)(2).

The protection which needs to be afforded should be no different in a converted case than in a dismissed case. The interests of secured creditors who have been prevented by the automatic stay from collecting any of the monthly accruing payments on debt have been impaired to the same extent in a converted case as in a dismissed case. The major question with respect to allowance of such claims has been whether the Chapter 7 Trustee had any rights in the fund and whether the Debtor could claim an exemption and receive those funds ahead of creditors who have an interest in them. As correctly pointed out by Movant's counsel, however, the Debtor is not free to claim an exemption in these monies by virtue of 11 U.S.C. Section 522(g) which provides generally that a debtor may exempt property which has been recovered by the trustee but only to the extent that the debtor has a sustainable exemption under 11 U.S.C. Section 522(b) and only to the extent that the transfer of that property by the debtor prior to

the filing of the Chapter 7 case "was not a voluntary transfer of such property by the debtor." As applied to the facts in this case, I conclude that payments made by a Chapter 13 debtor or on behalf of a Chapter 13 debtor by such debtor's employer is a voluntary transfer and thus the debtor has no right to exempt such payments. Inasmuch as the funds paid to the Chapter 13 Trustee are not subject to the debtor's claim of exemption and inasmuch as those funds constitute property of the estate pursuant to 11 U.S.C. Sections 541 and 1306, the Chapter 13 Trustee is authorized and directed, prior to turning said properties over to any Chapter 7 Trustee now or hereafter appointed in this case to deduct the cost of administration, including attorney's fees not to exeed $300.00, and pay the funds remaining on hand, if any, pro-rata to creditors holding allowed secured claims which were to be paid through the Trustee under the terms of the Debtor's unconfirmed plan, unless a party in interest files a written objection within ten days from the date of this Order. Any sums of money remaining on hand after the above distribution shall be remitted to the Chapter 7 Trustee appointed in the case for administration in that proceeding. I am aware of decisions which hold that monies paid to a Chapter 13 Trustee do not constitute property of the estate when a case is converted to a case under Chapter 7. See *In re Lennon*, 65 B.R. 130 (B.C.N.D.Ga.1986). While I concur with the very well reasoned opinion in that case for the most part, I believe that the conclusion reached insofar as it deals with whether undistributed payments in a converted case become property of the converted Chapter 7 estate is incor-

rect. I do not believe Congress intended that monies paid to a Chapter 13 Trustee pending confirmation which clearly is property of the Chapter 13 estate would be retroactively determined not to be property of the estate through a mechanical application of 11 U.S.C. Section 541. This is particularly true when the effect would be to deprive secured creditors of the only form of adequate protection they can be given in a pending Chapter 13 proceeding. The *Lennon* decision is also distinguishable because the Court clearly provided that any payment to debtors pursuant to that order "shall be paid after deducting any unpaid claims allowed under Section 503(b) and any unpaid fees and expenses payable to the Chapter 13 Trustee under Section 1302 of the Bankruptcy Code or under this court's standing orders regarding the fees and expenses of the standing Chapter 13 Trustee." *Id.* at 139. Since this Court has made a determination that the secured creditors pro-rata share of that fund constitutes an allowed administrative expense claim pursuant to 11 U.S.C. Section 507, which incorporates Section 503(b)(1)(A) claims, the *Lennon* decision compels no different result.

A standing order to be employed in all Chapter 13 cases converted prior to confirmation will henceforth be issued in this District.