**In the Matter of Thomas Wayne SCHMELTZ, Debtor.**

**Bankruptcy No. 88–32088–RKR.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

May 1, 1990.

Joseph D. Bradley, South Bend, Ind., Chapter 7 Trustee.

Tedd E. Mishler, Michigan City, Ind., Chapter 13 Trustee.

John W. VanLaere, South Bend, Ind., for debtor.

ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

On June 23, 1989, the Chapter 7 trustee, Joseph D. Bradley, filed his Chapter 7 Trustee's Application for Turnover of Funds Held by Chapter 13 Trustee[1] against the Chapter 13 trustee, Tedd E. Mishler. The parties stipulated to all facts, filed simultaneous briefs, and thereafter responded to the opponent's brief. On December 4, 1989, the court took the matter under advisement.

---

1. The court will construe the trustee's "application" as a motion pursuant to Bankruptcy Rule 9014.

## Background

Thomas Wayne Schmeltz, the debtor herein, filed his petition under Chapter 13 of the Bankruptcy Code on November 17, 1988. The debtor made payments totalling $920.00 [2] to the Chapter 13 trustee pursuant to the debtor's proposed Chapter 13 plan.[3] In his Chapter 13 Statement, the debtor listed a secured debt of $12,275.80 for an automobile owed to First National Bank of Elkhart ("FNB"), his sole secured creditor. In the Chapter 13 plan, the debtor proposed to pay FNB in full in the amount of $1,850.00 with twelve percent interest per annum through a total of thirty-six (36) monthly payments, each payment in the amount of $152.47 (the total monthly payments as part of the Chapter 13 plan were in the amount of $160.00). On May 19, 1989, upon the debtor's motion but prior to confirmation of the plan, the court ordered that the case be converted to a case under Chapter 7 of the Code. Shortly thereafter, the Chapter 13 trustee moved the court for authority to deduct administrative expenses from the Chapter 13 payments and to turn over the remaining balance of the assets to the debtor. In response, the Chapter 7 trustee filed his motion for turnover of the payments from the Chapter 13 trustee. Later, however, the Chapter 13 trustee filed a motion to withdraw his application for administrative expenses.

In his brief the Chapter 7 trustee argues that Bankruptcy Rule 1019(5) directs the Chapter 13 trustee to turn over all property of the Chapter 13 estate to the Chapter 7 trustee. The Chapter 7 trustee further argues that case law, in a conceded split in authority, calls for the payments to be included in property of the Chapter 7 estate.

Moreover, the Chapter 7 trustee contends that the payments should not be returned to the debtor. Alternatively, he asserts that the application of *In re Northwest Engineering Company*, 863 F.2d 1313, 1317–18 (7th Cir.1988), demands that the funds not be returned to the debtor because considerations of fairness require construction of the Bankruptcy Code in such a way that no difference arises between a conversion or a dismissal of a Chapter 13 case.

In rebuttal, the Chapter 13 trustee offers two policy considerations for his argument that the payments should be returned to the debtor. First, in a Chapter 7 liquidation the policy of a fresh start demands that post-petition wages not be made available to creditors. Congress included post-petition wages as property of the Chapter 13 estate so that a debtor could reorganize, but absent a reorganization the funds should not be considered property of the estate. Second, the Chapter 13 trustee points out that pursuant to § 1326(a)(2), payments made by the debtor to the trustee are to be returned to the debtor if the Chapter 13 plan is not confirmed. However, the Chapter 13 trustee provides no case law to support his position.

## Discussion and Decision

This Order shall represent findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable in this proceeding by Bankruptcy Rules 7052 and 9014. The matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E) over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1). The issue before the court is

**2.** The Chapter 13 trustee received four payments directly from the debtor totalling $480.00 and eleven weekly wage deduction payments from the debtor's employer totalling $440.00.

**3.** On November 17, 1988, the debtor filed his petition and Chapter 13 Plan. On January 17, 1989, the debtor filed his First Amended Chapter 13 Plan. However, Cumis Insurance Society, Inc. ("Cumis") objected to the confirmation of the debtor's plan. Cumis insured Notre Dame Federal Credit Union ("NDFCU"), a creditor and former employer of the debtor. The

debtor listed an indebtedness to NDFCU in the amount of $34,381.44 which represented court ordered restitution on account of the debtor's plea of guilty to a criminal offense arising out of fraudulent loan transactions. Cumis's Objection to Confirmation of Amended Chapter 13 Plan at 1 (March 6, 1989). After Cumis and the debtor reached an agreement, the court issued a stipulated judgment in favor of Cumis which resolved Cumis's objection but apparently stymied the debtor's resolve to proceed under Chapter 13.

whether all of the payments made by a debtor to a Chapter 13 trustee pursuant to an unconfirmed Chapter 13 plan should be returned to the debtor upon conversion of the case to Chapter 7.

Upon filing a petition for relief under Chapter 13, an estate is created under § 541 of the Bankruptcy Code. While § 541 limits the estate to interests of the debtor at the time of commencement of the case, § 1306 enlarges the estate to include the debtor's future earnings.[4] In addition, § 1326(a)(1) directs the debtor to commence making the payments proposed by a plan within 30 days after the plan is filed. Section 1326(a)(2) further provides that "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed,[5] the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title." 11 U.S.C. § 1326(a)(2) (Callaghan 1989).

A debtor may elect to convert his Chapter 13 case to a case under Chapter 7 at any time during the Chapter 13 proceeding. 11 U.S.C. § 1307(a) (Callaghan 1989). If the debtor elects to pursue this action, § 348(a) provides that the conversion does not "effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a) (Callaghan 1989). In addition, a claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under § 1307, other than a claim specified in § 503(b), shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition. 11 U.S.C. § 348(d) (Callaghan 1989). Congress thus provided debtors with an inducement to attempt to reorganize under Chapter 13 since post-petition claims could be discharged upon a failed reorganization. Should the debtor convert his case to a Chapter 7, Bankruptcy Rule 1019(5) orders the Chapter 13 trustee to turn over records and property to Chapter 7 trustee.[6]

In analyzing the relevant case law [7] the court determines that a split in authority exists concerning whether a debtor's pre-confirmation payments made in his Chapter 13 case should be returned to the debtor upon conversion to Chapter 7. The courts express divergent reasoning while reaching similar results. Courts holding that wage deductions are not part of the debtor's Chapter 7 estate utilize two theories. The first uses a relation-back concept to determine that payments are not property of the converted estate; and thus, the payments are to be returned to the debtor. *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982) (a case dealing with turnover upon conversion after confirmation of the plan); *In re Gorski,* 85 B.R. 155 (Bankr.M.

---

**4.** Section 1306 provides:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title—
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a) (Callaghan 1989).

**5.** Collier states that the trustee must return any payment made to the debtor "if, prior to confirmation, the case is dismissed or converted to another chapter." 5 *Collier on Bankr.* (MB) ¶ 1325.01[2][b][ii] (15th ed. 1989).

**6.** Bankruptcy Rule 1019(5) provides:

> After qualification of, or assumption of duties by the chapter 7 trustee, any debtor in possession or trustee previously acting in the chapter 11 or 13 case shall, forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all records and property of the estate in the possession or control of the debtor in possession or trustee.

Bankr.R. 1019(5) (Callaghan 1989).

**7.** This case does not concern the return of pre-conversion post-petition payments made to a trustee by a debtor pursuant to a confirmed plan. For a case on that point, *see In re Milledge,* 94 B.R. 218 (Bankr.M.D.Ga.1988) (undistributed plan payments ordered distributed pursuant to plan for benefit of creditors, rather than turned over to debtor), and *Resendez v. Lindquist, infra.* Cases decided after the effective date of § 1326(a)(2) appear to be the most relevant to the issue herein.

D.Fla.1988); *Arkison v. Swift (In re Swift)*, 81 B.R. 621 (Bankr.W.D.Wash. 1987).

In *Gorski*, the court determined that conversion of a case from Chapter 13 to Chapter 7 does not change the date of filing of the bankruptcy petition. *Gorski*, 85 B.R. at 156. According to *Gorski*, § 348(a) requires a court to look back to the date of filing of the original Chapter 13 petition to determine what is included as property of the Chapter 7 estate. *Id.* The court found that post-petition wages are excluded from the debtor's converted estate pursuant to a strict application of § 541(a)(6). *Id.* at 157. The court further found that the debtors had no exemption rights but nonetheless were entitled to a return of the post-petition wages paid to the trustee as provided in § 1326(a)(6). *Id.*

A second theory is that § 541 applies only to that property in which the debtor has an interest as of the commencement of the case. Since debtors cannot hold an interest in unearned wages, the wages are not included in the estate. Under this theory, the application of § 1306 after conversion to Chapter 7 has the effect of penalizing the Chapter 13 debtor for attempting a Chapter 13 case. *McCullough v. Luna (In re Luna)*, 73 B.R. 999 (Bankr.N.D.Ill.1987) (a case in which the plan had been confirmed); *In re Lepper*, 58 B.R. 896 (Bankr. D.Md.1986); *In re Peters*, 44 B.R. 68 (Bankr.M.D.Tenn.1984); *In re Bullock*, 41 B.R. 637 (Bankr.E.D.Pa.1984).

The court is mindful of a recent case in this district wherein Judge Grant determined that § 348 should be construed as a source of continuity. *In re Lybrook*, 107 B.R. 611 (Bankr.N.D.Ind.1989). According to Judge Grant, "[t]o interpret § 348 as requiring the court to reshuffle the bankruptcy estate upon conversion is to make it a source of disruption." *Id.* at 613. In disagreeing with those courts holding that Chapter 13 post-petition property is not property of the Chapter 7 estate, he explained that "[i]t is one thing to recognize

that conversion does not affect the date upon which the case was commenced. It is quite another thing, however, to draw from this principle the doctrine that the case will be treated as though it had always proceeded under Chapter 7," and § 348(a) "do[es] not mandate or necessarily imply 'that upon conversion a case is to be treated in all respects as if it had originally been filed under the chapter to which it has been converted.'" *Id.* at 612 (quoting *In re Ford*, 61 B.R. 913, 916 (Bankr.W.D.Wis. 1986), and *In re Tracy*, 28 B.R. 189, 190 (Bankr.D.Me.1983)). The court concluded:

> When § 348 is viewed as a source of continuity, the plain language of § 541 easily becomes susceptible to the conclusion that the bankruptcy estate, following conversion from Chapter 13 to Chapter 7, is the Chapter 13 bankruptcy estate. The estate was created upon the commencement of the case. 11 U.S.C. § 541(a). At the moment of creation, it essentially consisted of all of the property in which debtor had an interest. 11 U.S.C. § 541(a)(1). The estate does not, however, remain static. It also includes "any interest in property that the *estate* acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).

*Id.* at 613 (emphasis added). Although the debtor's post-petition inheritance would not be included in the estate had the debtor initially filed a Chapter 7 petition, the court held that the inheritance remained property of the estate upon conversion from a case under Chapter 13 to a case under Chapter 7.[8] *Id.* at 615.

This court finds Judge Grant's reasoning persuasive and applicable to the instant case. Accordingly, the court finds that the debtor's payments remained property of the estate upon conversion of the case from Chapter 13 to Chapter 7. However, the court's inquiry does not end here. The court further must determine whether the debtor is entitled to all or a portion of the payments pursuant to § 1326(a)(2).

**8.** Judge Minahan reached the identical conclusion in *In re Tworek*, 107 B.R. 666 (Bankr.D. Neb.1989).

In *In re Daniels*, 79 B.R. 88 (Bankr. S.D.Fla.1987), the bankruptcy court determined that payments made to a Chapter 13 trustee prior to confirmation of the Chapter 13 plan should be turned over to the Chapter 7 trustee upon conversion. The court was unwilling to agree with the debtors who "merely rel[ied] on 11 U.S.C. § 1326(a)(2)" and asserted that the funds should be returned to them. *Id.* at 89. Instead, the court concurred with the case law cited by the Chapter 7 trustee.[9] The court thus determined that the payments became property of the Chapter 7 estate and were shielded from the debtor. *Id.*

Reaching a converse result, one court has read § 1326(a)(2) as requiring *ab initio* return of payments to the debtor from the Chapter 7 trustee where a plan was not confirmed.[10] *In re Rutenbeck*, 78 B.R. 912 (Bankr.E.D.Wis.1987). The court in *Rutenbeck* reached this conclusion despite recognizing that:

> cash payments through the trustee pursuant to the plan represent the *only* "adequate protection" provided for creditors with secured claims.... [M]otions by secured claimants to lift the automatic stay of § 362(a) for lack of adequate protection have been and will be denied in that the claimants have been provided adequate protection by way of cash payments through the trustee....
>
> ....
>
> Giving the undistributed funds, upon dismissal or conversion, to someone other than the creditors provided for by the plan would be unfair to those creditors, and particularly to the secured creditors who have been promised these funds and

who have relied on them for the protection afforded them under § 361(1) of the Code.

*Id.* at 913 (emphasis in original). The court also addressed the possibility that a debtor must claim the funds exempt in order to keep them out of the hands of the successor Chapter 7 trustee, but because the debtor was entitled to claim and had claimed the funds exempt under §§ 522(d)(1) and (5) of the Bankruptcy Code, the court determined that it did not need to rule in that respect. *Id.* at 914.

While not directly on point because no conversion had occurred, *In re Ingle*, 91 B.R. 27 (Bankr.E.D.Mich.1988), is instructive because the court addressed this court's concerns over the adequate protection of the secured creditors. In *Ingle*, the secured creditors brought an action claiming entitlement to pre-confirmation regular monthly mortgage payments. Relying on 11 U.S.C. §§ 1303 and 363(e), the court found that a Chapter 13 debtor has an obligation to provide adequate protection to a secured creditor for security used by the debtor during the period between filing and conversion. *Id.* at 28. The court further found that the debtor's regular monthly loan payments for a home loan and an automobile loan made to the trustee provided adequate protection to secured creditors consistent with § 361(1). *Id.* Additionally, the court found that the payments amounted to "court ordered" adequate protection for benefit of the secured creditors through the trustee's office. *Id.* at 29.

The court determined that an adequate protection payment ordered by the court

---

9. *In re Dyess*, 65 B.R. 143 (Bankr.W.D.La.1986) (the date of conversion of a proceeding from Chapter 13 to Chapter 7 determined what exemptions could be claimed); *In re Bump*, 54 B.R. 657 (Bankr.D.N.J.1985) (Bankruptcy Rule 1019(5) directs that Chapter 7 trustee is to retain monies paid by Chapter 13 trustee following conversion; the Chapter 7 trustee could not be compelled to turn over the funds to the debtors); *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D. N.Y.1984) (funds paid to a Chapter 13 trustee prior to confirmation of a Chapter 13 plan are part of debtor's estate and may be claimed exempt by a debtor upon conversion to Chapter 7). *See also In re Richardson*, 20 B.R. 490 (Bankr.W.D.N.Y.1982) (funds paid to a Chapter

13 trustee prior to confirmation are part of the debtor's estate and may be claimed exempt by the debtor pursuant to § 522 of the Code).

10. Similarly, in *In re Lennon*, 65 B.R. 130, 138 (Bankr.N.D.Ga.1986), a case filed prior to the effective date of the 1984 Bankruptcy Amendments and Federal Judgeship Act, the court in *dicta* stated: "Section 1326(a)(2) mandates that if no plan is confirmed, undistributed payments by the debtor to the Chapter 13 trustee shall be returned to the debtor. Thus, these undistributed payments never become part of the converted Chapter 7 estate."

pursuant to §§ 1303 and 363(e) is not a payment proposed by a Chapter 13 plan; therefore, § 1326(a) did not apply to the case.[11] *Id.* The court then awarded the regular monthly mortgage payments to the secured creditors. *Id.* at 29. This court need not align itself with the *Ingle* rationale in this case due to a recent authority directly on point. While the *Ingle* court properly considered the adequate protection of the secured creditors, the following case argues more persuasively under different reasoning for turnover of a secured creditor's adequate protection payments to the secured creditor.

In *Ford Motor Credit Company v. Holly (In re Holly)*, 109 B.R. 524 (Bankr.S.D. Ga.1989), a Chapter 13 trustee held post-petition pre-conversion payments made by the debtor pursuant to an unconfirmed plan. Judge Davis observed that "[e]ach secured creditor's interest in its collateral [was] impaired to the extent that it ... received no payment and [was] prevented from foreclosing its security interest by the automatic stay of 11 U.S.C. Section 362(a)." *Id.* at 525. Furthermore, the court found that debtors provide adequate protection to secured creditors by making pre-confirmation payments to the Chapter 13 trustee. *Id.* (citing *In re Coplin,* No. 386–00886 (B.C.S. D.Ga.1987); 11 U.S.C. § 361(1)). Judge Davis then concluded that "[w]hen 'adequate protection' proves to be inadequate, all affected secured creditors are entitled to alternative compensation in the form of an administrative expense claim. 11 U.S.C.

§ 507(b). They are entitled to pro-rata satisfaction of those claims out of the monies which the Debtor has paid to the Trustee.[12] 11 U.S.C. § 1326(a)(2)." *Holly,* 109 B.R. at 525.

In disagreeing with the court in *In re Lennon, supra,* Judge Davis was unwilling to believe Congress intended that payments to a Chapter 13 trustee cease to be property of the estate upon conversion to a case under Chapter 7 through a mechanical application of 11 U.S.C. § 541. *Id.* at 526. In addition, Judge Davis noted that even under *Lennon*'s construction of the Code (the payments are *not* property of the Chapter 7 estate), the court was able to reach the same result since the secured creditors' share of the fund constituted an allowed administrative expense claim pursuant to 11 U.S.C. § 507 which incorporates § 503(b)(1)(A) claims which were allowed in *Lennon. Id.*

This court agrees with Judge Davis and adopts his reasoning. This reasoning is consistent with the rationale of *Lybrook.* Accordingly, the court finds that upon conversion of this case to Chapter 7, the undistributed payments remained property of the estate. The court further finds that the Chapter 13 trustee should turn over the payments to the Chapter 7 trustee pursuant to Bankruptcy Rule 1019(5) and that the Chapter 7 trustee must return any remaining portion of the payments to the debtor pursuant to § 1326(a)(2)[13] after de-

---

**11.** In addition, the *Ingle* court bolstered its decision by noting that protection accorded a secured creditor's property interest in collateral has roots in the Fifth Amendment; thus, the court determined that "any interpretation of section 1326(a) that prohibits pre-confirmation adequate protection payments" must be rejected. *Id.*

**12.** In *In re Barbee,* 82 B.R. 470, 473 (Bankr.N.D. Ill.1988), the court observed that "Section 1326(a) is clearly intended to provide a fund out of which the costs of a failed Chapter 13 case can be paid. It in effect shifts the risk of failure from the trustee to the debtor."

**13.** The court notes that a question may arise as to the application of § 1326 by the Chapter 7 trustee to Chapter 7 property in the instant case. In the context of the turnover to the secured creditors, this concern appears moot because

the court's reasoning would achieve the same result whether the payments are considered Chapter 7 property or Chapter 13 property. As noted in *Holly,* the adequate protection payments are properly paid to the secured creditors even if the property is merely part of the Chapter 13 estate. The balance of the payments returned to the debtor remains troublesome, however, since the court directs the Chapter 7 trustee to return to the debtor funds considered property of the Chapter 7 estate. As Judge Grant observed in *Lybrook,* bankruptcy judges must discern an overall pattern to the Code in order to understand the entire creation. Moreover, particular sections of the Code should not be viewed in isolation, rather "[l]ike the pieces in a mosaic, [the section] must be viewed along with the other statutory provisions of which it is intimately a part, in order to properly understand the entire creation." *Lybrook,* 107 B.R. at

ducting any administrative expenses under § 503(b) including any regular monthly payments to any pre-petition secured creditors. Inasmuch as the sole issue before the court at this point concerns whether the payments should be turned over to the Chapter 7 trustee and not the allowance of administrative expenses which may be deducted from the payments, the court declines to address the allowance or disallowance of particular claims at this time but will do so upon the motion of the chapter 7 trustee once he has had an opportunity to review and evaluate the outstanding claims. The court thus presently denies the Chapter 13 trustee's application but will consider the Chapter 13 trustee's administrative claim, if any, at the time the Chapter 7 trustee moves to distribute the post-petition payments.

*Conclusion*

WHEREFORE, the court now grants the Chapter 7 trustee's motion for turnover, finding that the debtor's post-petition pre-conversion payments to the Chapter 13 trustee pursuant to his unconfirmed plan remained property of the estate upon conversion to Chapter 7 and that the Chapter 13 trustee has the obligation under Bankrutpcy Rule 1019(5) to turn over the payments to the Chapter 7 trustee. The court accordingly directs the Chapter 13 trustee to turn over the payments to the Chapter 7 trustee. The court further finds pursuant to 11 U.S.C. § 1326(a)(2) that upon appropriate motion and order the Chapter 7 trustee shall turn over any remaining portion of the payments to the debtor after deducting and paying any administrative expenses under § 503(b) including any regular monthly payments to any pre-petition secured creditors.

The court simultaneously denies the Chapter 13 trustee's application to pay administrative expenses but will consider the Chapter 13 trustee's expenses as an administrative claim (assuming the trustee files a

claim for his expenses) when the Chapter 7 trustee moves to distribute the debtor's payments pursuant to § 1326(a)(2). It is

SO ORDERED.

---

612–13. Noting that Congress furthered its policy of encouraging reorganization by providing for return of funds (after deducting administrative expenses) paid to the trustee to the debtor in a failed reorganization attempt, the court

finds its decision sound and just. Alternatively, the court could draw upon its equitable powers outlined in § 105(a) and return the balance to the debtor as a necessary and appropriate order to carry out the provisions of this title.