**In re John Marshall HAMPTON, Debtor.**

**John Marshall Hampton, Movant**

v.

**Capital One Auto Finance and Barnee C. Baxter, Chapter 13 Trustee, Respondents.**

No. 06–10429.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Feb. 22, 2008.

---

Lee Ringler, Lee Ringler Law Offices, Augusta, GA, for Debtor.

### ORDER

SUSAN D. BARRETT, Bankruptcy Judge.

This matter comes before the Court on Debtor's "Motion to Direct Payment of Funds Held by Chapter 13 Trustee" seeking payment of $2,500.00 in attorney's fees and the remaining funds to be turned over to Debtor and the Limited Objection thereto filed by Capital One Auto Finance ("Capital One"). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). For the reasons discussed below, the Debtor's Motion to Direct Payments is GRANTED in part and Capital One's Objection is GRANTED.

### FINDINGS OF FACT

The facts of this case are as follows:

- Debtor filed for chapter 13 bankruptcy relief on April 7, 2006. The original chapter 13 plan does not provide pre-confirmation adequate protection payments to any creditors. The modified plan filed July 19, 2007 requires the chapter 13 trustee ("Trustee") to make preconfirmation adequate protection payments in the amount $130/month to Capital One. Capital One filed a secured claim in the amount of $20,418.40 on April 28, 2006.
- The Attorney Disclosure Statement ("Disclosure Statement") states Debtor's counsel agreed to accept $2,500.00 for legal services rendered "in contemplation of or in connection with the bankruptcy case." The Disclosure Statement reflects a balance of $2,500.00 as due and owing.
- On September 13, 2007 at a hearing, confirmation was denied and the Court gave Debtor ten (10) days to convert the case to a chapter 7 or the case would be dismissed.
- Debtor filed a motion to convert to a chapter 7.
- An order converting the case to a chapter 7 was entered on September 24, 2007. The conversion order gave any party in interest ten (10) days to file a written objection to the standard disbursement. Debtor, anticipating entry of this standard disbursement order, filed his Motion to Direct Payments and Capital One filed a limited objection to Debtor's Motion. In its objection, Capital One does not oppose the award of attorney's fees, but avers Capital One should be paid adequate protection from May 2006 through and including September 2007.
- Debtor's attorney also filed an Application for Compensation on November 13, 2007 requesting compensation of $2,500.00.
- Trustee currently has $8,063.40 on hand to disburse, having previously disbursed two payments of $130.00 each to Capital One and disbursed the statutory trustee fees.
- At the hearing, Trustee indicated that prior to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), upon conversion to chapter 7, the Trustee forwarded available monies to the chapter 7 trustee for disbursement.

### CONCLUSIONS OF LAW

The issue before the Court is whether upon conversion, funds held by the Trustee

should be turned over to the creditors or to the Debtor. Capital One argues it should receive adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1)(C) from May 2006 (which is 30 days from the petition date) through and including September 2007 (the conversion date). The Trustee notes that prior to the implementation of BAPCPA, upon conversion, the Trustee routinely forwarded such funds to the chapter 7 trustee. Debtor argues the BAPCPA amendments to 11 U.S.C. § 1326(a)(2) dictate such funds be returned to Debtor.

■ As to Capital One's request for adequate protection payments, the Court finds Capital One is entitled to receive adequate protection payments from May 2006 through and including September 2007 pursuant to 11 U.S.C. §§ 1326(a)(1)(C), 1326(a)(2) and 1326(a)(3). Under 11 U.S.C. § 1326(a)(1)(C),[1] Debtor must commence making adequate protection payments within 30 days of the date the petition was filed to creditors holding allowed claims secured by personal property to the extent such claims are attributable to debtor's purchase of the applicable property. *Id.* Capital One filed a proof of claim on April 28, 2006 secured by Debtor's 2002 Ford Mustang. The proof of claim reflects the debt was incurred in connection with Debtor's purchase of the Mustang. Under 11 U.S.C. § 502(a), the claim is deemed allowed unless objected to and there has been no objection to Capital

One's claim; therefore, Capital One holds an allowed secured claim.

Contrary to the Code, Debtor's initial plan failed to provide for adequate protection payments. After the resolution of a contested matter regarding whether Capital One's claim could be bifurcated into a secured and unsecured portion,[2] Debtor modified his plan in July 2007 to provide for adequate protection payments to Capital One of $130/month. Nevertheless, even with this modification, Debtor has had the use of a depreciating asset for eighteen months, during which time Capital One has only received $260.00, two adequate protection payments.

Under 11 U.S.C. § 1326(a)(2), "if a plan is not confirmed, the trustee shall return any such payments not previously paid *and not yet due and owing to creditors pursuant to paragraph (3)* to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 U.S.C. § 1326(a)(2)(emphasis added). The BAPCPA amendments added the language "payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)." A leading bankruptcy treatise, interprets the new provision as requiring the Trustee, if an order has been entered, to deduct any unpaid adequate protection payments that are due and owing to creditors under § 1326(a)(3) before refunding the remaining sums to the debtor. 8 Lawrence P. King, *Collier on Bankruptcy* ¶ 1326.02[2][c], at 1326–12 (15th ed.

---

1. 11 U.S.C. § 1326(a)(1)(C) states in pertinent part:

 (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—
 (A) proposed by the plan to the trustee; …
 and
 (C) that provides adequate protection directly to a creditor holding an allowed

 claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

2. *See* Dckt. No. 40.

rev.2007). Under § 1326(a)(3),[3] the court after notice and hearing may modify the payments Debtor is making to the Trustee under § 1326(a) which include adequate protection payments.[4] Under the plain language of 11 U.S.C. § 1326(a), Debtor is statutorily required to commence making adequate protection payments 30 days after the petition was filed. In this case, Debtor's initial plan failed to provide for such payments. After notice and hearing, the Court finds Capital One is entitled to adequate protection payments from May 2006 through September 2007. *See* 11 U.S.C. §§ 1326(a)(1)(C), (a)(2) and (a)(3).

■ As to the issue of the amount of adequate protection Capital One is entitled. At the hearing held on the valuation of the Mustang, the parties stipulated to Capital One having a secured claim of $13,000.00. The plan was modified accordingly to propose to pay Capital One monthly pre-confirmation adequate protection payments of $130.00/month, which is as customary in our district, 1% of the collateral value. *See In re Denton,* 370 B.R. 441, 446 (Bankr.S.D.Ga.2007) (noting that 1% of the collateral's value is the typical proposed amount for pre-confirmation adequate protection payments in this district). Capital One did not object to this proposed treatment. Furthermore, at the hearing on the matter currently before the Court and in its brief, Capital One requested $130.00 per month as the amount of adequate protection. Based upon the record before the Court, Capital One is entitled to adequate protection payments in the amount of $130.00 per month from May 2006 through September 2007 minus the two distributions previously paid.

■ As to the Trustee's issue of whether to refund the remaining money to Debtor, or forward it to the chapter 7 trustee, 11 U.S.C. § 1326(a)(2) provides in pertinent part, "if a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 U.S.C. § 1326(a)(2). Courts interpreting this statute have held based upon the plain language of the statute, such funds should be returned to debtors, minus adequate protection payments and payment of administrative expenses.[5] *See In re Inyamah,* 378 B.R. 183, 185 (Bankr.S.D.Ohio 2007)(upon dismissal funds should be returned to debtor); *In re Davis,* 2004 WL 3310531 *2 n. 2 (Bankr.M.D.Ala.2004) (stating "if the case is converted, the money does not become property of the estate unless the conversion was made in bad faith"); *Accord* 8 Lawrence P. King, *Collier on Bankruptcy* SI1326. 02[2][c], at 1326–12 (15th ed. rev.2007)(unless the case was converted in bad faith, the funds should be returned to the debtor because they were derived from the chapter 13 debtor's post-petition income and therefore under § 348(f)(1)(A) [6] were not property of

**3.** 11 U.S.C. § 1326(a)(3) states in pertinent part:

Subject to section 363, the court may, upon notice and a hearing, modify, increase, or reduce the payments required under this subsection pending confirmation of a plan.

**4.** This District's General Order 2005–5 allows debtors to make adequate protection payments to the Trustee. This General Order also allows the Trustee to make adequate pro-

tection payments to creditors from funds held after conversion or dismissal.

**5.** The Court does not have before it the issue of whether a creditor can garnish such funds. *See In re Doherty,* 229 B.R. 461 (Bankr. E.D.Wash.1999).

**6.** Section § 348(f)(1)(A) state in pertinent part:

the estate as of the date of the petition and therefore the funds are not property of the chapter 7 estate); *See also Unified People's Federal Credit Union v. Yates (In re Yates)*, 337 B.R. 728, 2005 WL 2499488 (10th Cir. BAP 2005)(upon conversion, § 1326(a)(2) requires funds be returned the debtor); *See also, In re Weitzman*, 381 B.R. 874, 2008 WL 356531 *8 (Bankr. N.D.Ill. February 7, 2008)(under plain language of § 1326(a)(2), the trustee was required to return plan payments to the debtor after payment of administrative expenses). Based upon the plain language of § 1326(a)(2) and § 348(f), absent a finding of bad faith in conversion, funds held by the Trustee, minus any accrued but unpaid adequate protection payments and administrative expenses are generally to be turned over to Debtor. There has been no allegation of a bad faith conversion in the case *sub judice* and therefore, the remaining funds are not property of the chapter 7 bankruptcy estate and should be returned to Debtor.

 Finally, the Court addresses Debtor's counsel's fee application for $2,500.00. General Order 2007–6 governs the compensation of counsel representing chapter 13 debtors and sets the "no look" fee for chapter 13 attorneys at $2,500.00. General Order 2007–6 states and Debtor's counsel points out, the BAPCPA amendments have had a material effect on the amount of time attorneys must devote to the repre-

senting chapter 13 debtors. No party has challenged counsel's entitlement to fees under § 503(b)(2). Upon review of Debtor's counsel's application, the Court finds his fee to be reasonable and his services beneficial to Debtor. *See* 11 U.S.C. § 330(a)(4)(B); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988).

Because the Court finds the $2,500.00 requested by Debtor's attorney to be reasonable, Debtor's Motion to Direct Payment of Funds Held by Chapter 13 Trustee is ORDERED GRANTED in part. After deducting the adequate protection payments due Capital One from May 2006 through and including September 2007(with proper credit for the two payments previously remitted), and the payment of any administrative expenses (including the chapter 13 filing fee, attorney's fees and appropriate statutory trustee fees), the Trustee shall remit the remaining funds to Debtor.[7] Any party in interest has ten (10) days from the date of this Order to file a written objection to the proposed distribution.

---

(f) (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.
The section was added to the Bankruptcy Code in 1994 after *In re Holly*, 109 B.R. 524 (Bankr.S.D.Ga.1989) was decided.

7. The Court's previous order entered September 24, 2007 in this case is vacated only to the extent it allows for the pro-rata distribution of remaining funds to creditors with allowed secured claims as it conflicts with the holding of this Order. *See* Dckt. # 75.