**In re Joseph A. GENOVA, Jr., Trustee, Plaintiff,**

**v.**

**Jerald Hayes THURMAN, and Vickie Lou Thurman, Defendants.**

**Bankruptcy No. 84 M 0470.**

United States Bankruptcy Court, D. Colorado.

Oct. 9, 1984.

Joseph Genova, Jr., pro se.

Carl Gellenthien, Canon City, Colo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS AND ORDER ON TRUSTEE'S COMPLAINT FOR TURNOVER

JOHN F. McGRATH, Bankruptcy Judge.

This case comes before the Court upon the Chapter 7 Trustee's Complaint for Turnover pursuant to section 542 of the Bankruptcy Code. The undisputed facts follow.

The Debtors filed a Chapter 13 Petition in bankruptcy on October 23, 1981. An Amended Chapter 13 Plan was confirmed on February 8, 1982. The Plan called for $175.00 to be paid monthly for 36 months. The Plan also provided that property of the estate would vest in the Debtor at the time of confirmation, as directed by section 1327(b). Despite the fact that the Court granted a suspension of payments for three months on December 12, 1982, the Debtors were $525.00 behind when the Chapter 13 Trustee filed a Motion to Dismiss on October 27, 1983. The case was converted to a Chapter 7 on December 2, 1983, after the Debtors had paid a total of $2,450.00 under the Plan. A Chapter 7 Discharge was granted on June 11, 1984.

In this Complaint, the Trustee requests turnover of 296/365ths of the Debtor's 1981 state and federal income tax refunds, a utility deposit of $110.00 and $153.00 in non-exempt wages due on October 23, 1981. The Trustee argues that under section 348(a), on the date of conversion, the Chapter 7 is deemed to have been filed when the Chapter 13 was filed on October 23, 1981. Citing section 1327(b), the Debtor responds by asserting that upon confirmation of the Plan, the property of the estate revested in the Debtor. Consequently, the issue facing the Court asks if the property sought by the Trustee is property of the estate.

■ Section 1306 of the Bankruptcy Code defines what constitutes property of the estate in a Chapter 13 bankruptcy. It included property specified in section 541 and adds earnings from services performed by the Debtor and section 541 property acquired by the Debtor after commencement of the case up until the case is closed, dismissed or converted, whichever occurs first. *In re Richardson*, 20 B.R. 490 (Bankr.Ct., N.Y., 1982). The property at issue in this case is section 541 property as the Debtor's interest in the utility deposit, non-exempt wages due October 23, 1981, and the partial 1981 income tax refunds arose prior to the commencement of the case.

■ Pursuant to section 1306(b), the Debtor remained in possession of this property that the Trustee seeks, and when the Plan was confirmed the property became vested in the Debtor as the Plan did not provide otherwise. Section 1327(b). What must be remembered is that Sections 1306 and 1327 only apply while a Chapter 13 bankruptcy is pending. Section 1327(a) states unequivocally that the provisions of a confirmed plan bind the debtor and all creditors. To the extent that the plan is effectuated prior to conversion, monies paid and disbursed there under are irre-

trievable. Once the case is converted, it is deemed to have commenced on the date the Chapter 13 case was filed. Section 348(a). This is not to say that the Chapter 13 bankruptcy, which very well may have progressed for three or four years, never existed, as was incredibly concluded in *In re Bullock*, 41 B.R. 637, CCH, Bankruptcy ¶ 69,973 (Bankr.Ct., Pa., 1983). While the Chapter 13 was pending sections 1306 and 1327 controlled. Upon conversion, these sections become ineffective and pursuant to section 348, the property of the estate is defined by section 541.

Consequently, since the items sought by the Trustee were, in this case, section 541 property when the case was filed, and no provision of the plan disbursed them to creditors (which would have bound the parties), the Trustee can recover them.

Another argument advanced by the Debtor asserts that the Order Confirming the Plan found that the creditors were receiving as much under the Chapter 13 as they would have under a Chapter 7, and, pursuant to the doctrines of res judicata and collateral estoppel, the Chapter 7 Trustee is bound by this finding. The Court finds it unnecessary to address the applicability of these doctrines as it notes that none of the property sought by the Trustee was ever scheduled in the assets of the Debtor when the Chapter 13 Petition was filed.

WHEREFORE, IT IS ORDERED that the Chapter 7 Trustee's Complaint for Turnover is granted.