In the Matter of Bernard GORSKI, Jr., and Leann J. Gorski, a/k/a European Connections, Debtors.

Bankruptcy No. 86–2167–8B7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 4, 1988.

D. Turner Matthews, Bradenton, Fla., for debtors.

Jack Weech, Lakeland, Fla., Trustee.

## ORDER ON MOTION FOR RETURN OF POST PETITION PAYMENTS

THOMAS E. BAYNES, Bankruptcy Judge.

The matter under consideration in the above-captioned Chapter 7 case is a motion filed by Bernard Gorski, Jr. and Leann J. Gorski, d/b/a European Connections (Debtors) seeking return of $1,350.00, representing post-petition payments made pursuant to a Chapter 13 pre-confirmation order. Prior to confirmation of the Plan, the Debtors converted to Chapter 7.

As of the date of conversion, the Debtors had paid $1,350.00 to the trustee, none of which had been distributed to the creditors. The Order of Conversion directed the Chapter 13 trustee to turn over to the Chapter 7 trustee all of the Debtors' post-petition earnings or income.

The Debtors filed their Motion for Return of Post-Petition Payments alleging the funds held by the Chapter 7 trustee represented wages earned and paid after filing of the original bankruptcy petition. Debt-

ors further allege these funds are exempt and should be returned to them.

The key issues before this Court are:
(1) Whether, upon conversion from Chapter 13 to Chapter 7, post-petition wages become property of the debtor's Chapter 7 estate.
(2) Whether, upon conversion from Chapter 13 to Chapter 7, post-petition wages may be claimed as exempt property by the debtor.

██ Conversion of a case from Chapter 13 to Chapter 7 does not change the date of filing of the bankruptcy petition. See Title 11 U.S.C. Section 348. Upon conversion, Section 348(a) requires the court to look back to the date of filing of the original Chapter 13 petition to determine the creation of the estate and what is included as property of the Chapter 7 estate. See *In re Lennon,* 65 B.R. 130 (Bankr.N.D.Ga. 1986).

██ Unlike Chapter 13 cases which include post-petition earnings as part of property of the estate (Title 11 U.S.C. Section 1306(a)(1)), in a Chapter 7 case the estate is limited to the debtor's legal and equitable interest in property at the commencement of the case (Title 11 U.S.C. Section 541(a)(2)). It does not include wages earned after filing of the petition (Title 11 U.S.C. Section 541(a)(6)).

██ Most courts have applied this relation back principle to the issue of post-petition earnings and have ruled in favor of the debtor. See *Arkison v. Swift (In re Swift),* 81 B.R. 621, 16 BCD 1195 (Bankr.W.D. Wash.1987); *McCullough v. Luna (In re Luna),* 73 B.R. 999 (Bankr.N.D.Ill.1987); *Lennon, supra* at 132; *In re Peters,* 44 B.R. 68 (Bankr.M.D.Tenn.1984); *In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa.1984); *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982).

This Court finds these cases persuasive. Conversion relates back to the original date of filing the Chapter 13 case. The rational advanced by the court in *Lennon, supra,* at 135, is applicable here.

... upon the commencement of the Chapter 13 case, a Chapter 13 estate is cre-

ated that encompasses the Section 541 specification of property of the estate as altered by Section 1306. The 1306 alteration, to include the debtor's future earnings and property acquired after commencement of the case, is applicable only in the Chapter 13 context. When a case is converted from Chapter 13 to Chapter 7, the Chapter 13 estate ... terminates. A new Chapter 7 estate is created which relates back under Section 348(a) to the date of the .. (filing) of the original Chapter 13 petition. Pursuant to Section 103(h) the provisions of Chapter 13 no longer apply.

Upon conversion, Section 541 governs what property is included in and excluded from the estate of a Chapter 7 case. Section 541(a)(6) specifically excludes post-petition earnings.

Also relevant and controlling in this matter is Title 11 U.S.C. Section 1326. Section 1326(a)(2) reads in pertinent part;

> If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If the plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under Section 503(b) of this title.

Although most courts have failed to resolve the issue based solely upon Section 1326, this Court finds the Code specifically directs the trustee to return post-petition funds to the debtor when a Chapter 13 plan is not confirmed. See *In re Rutenbeck*, 78 B.R. 912 (Bankr.E.D.Wis.1987).

As to exemption, courts do not agree as to whether post-petition wages are exempted from property of the Chapter 7 estate. A few cases hold such funds held by a Chapter 13 trustee pursuant to confirmed plan could not be claimed as exempt after conversion. See *In re Giambitti*, 27 B.R. 492 (Bankr.D.Or.1983) and *Resendez, supra*, at 399. Others have held that funds paid to Chapter 13 trustee prior to confirmation are part of debtor's estate and may be claimed exempt by debtor, pursuant to Title 11 U.S.C. Section 522. See *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y. 1984); *In re Richardson*, 20 B.R. 490

(Bankr.W.D.N.Y.1982); and Title 11 U.S.C. Section 522(b) and (d). The courts in these cases reason that the debtor should not be bound to a selection of exemptions made at the inception of the case and has a right to amend the exemption within a reasonable time following conversion.

This Court finds that post-petition wages are excluded from the Debtor's estate pursuant to Title 11 U.S.C. Section 541(a)(6). As such, the Debtor's exemption rights pursuant to Title 11 U.S.C. Section 522 need not be considered. It appearing that the property is not part of the Debtors' estate, and the Debtors are entitled to a return of their post-petition wages paid to the trustee as provided in Section 1326(a)(2), it is

ORDERED, ADJUDGED AND DECREED that Debtors' Motion for Return of Post Petition Payments be, and the same is hereby, granted and the Chapter 7 trustee shall pay over to the Debtors the post-petition wages pursuant to Section 1326(a)(2).