In re Lena Irene LEACH, d/b/a Leach Farms, Inc., SSN 444–48–1915, Debtor.

**Bankruptcy No. 87–00226.**

United States Bankruptcy Court,
E.D. Oklahoma.

May 19, 1989.

Kevin M. Coffey, for FCB.

Kenneth Mather, Tulsa, Okl., Chapter 7 Trustee.

Craig Shew, Ada, Okl., for debtor.

Robert Hemphill, Dallas, Tex., Chapter 12 Trustee.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On February 7, 1989, this Court conducted a hearing with regard to a Motion for Order Directing Payment Pursuant to Plan filed by creditor Farm Credit Bank (FCB) with associated Responses by the Chapter 12 Trustee and the Chapter 7 Trustee. Appearances were entered by Kevin M. Coffey on behalf of FCB, Kenneth Mather, the Chapter 7 Trustee, Craig Shew for the Debtor and Robert Hemphill, the Chapter 12 Trustee.

After conclusion of the arguments of counsel, the parties were afforded the opportunity to submit supplemental Briefs in support of their respective positions. Said Briefs were timely received in this Court and were considered in the formulation of this Order.

After review of the Briefs, the applicable law and the arguments of counsel, this Court does hereby enter in this final Order the following Findings of Fact in this core proceeding:

## STATEMENT OF THE ISSUE

At issue in this case is whether funds representing the Debtor's income derived from conducting a farming operation earned after the commencement of the Chapter 12 case are, upon conversion, property of the Chapter 12 estate and thus distributed according to the terms

of the confirmed Plan, or property of the Chapter 7 estate and thus distributed according to the priorities set forth in 11 U.S.C. § 507.

## FINDINGS OF FACT

1. On February 26, 1987, the Debtor filed a Petition seeking relief under Chapter 12 of the United States Bankruptcy Code. Pursuant to that filing, Robert D. Hemphill was appointed the Chapter 12 Trustee on February 26, 1987 in order to effectuate the administration of the estate.

2. On August 5, 1987, the Debtor filed her Chapter 12 Plan. An Order of Confirmation, subscribed by counsel for the Debtor, counsel for FCB and the Chapter 12 Trustee was entered on December 22, 1987.

3. Subsequently, the Debtor defaulted on said Plan and on October 24, 1988, an Order granting the Debtor's Motion to Convert to Chapter 7 was entered.

4. The Chapter 7 Trustee currently holds $517.52, which was in the possession of the Chapter 12 Trustee at the time of conversion and $10,307.92, representing proceeds derived from the operation of the Debtor's business post-confirmation but pre-conversion which traveled a circuitous route in its journey to ultimately arrive in the possession of the Chapter 7 Trustee.

## CONCLUSIONS OF LAW

A. The initial determination which this Court must make is whether Chapter 13 case law and elucidations made therein are applicable to similar circumstances arising under Chapter 12. Clearly, Chapter 13 precedent is persuasive and allows the Court to rely on years of judicial interpretive analysis in the examination of circumstances arising under a Chapter 12 bankruptcy. Such case law is lacking in this comparatively new area of Chapter 12 Family Farmer Reorganization. We find nothing in the legislative history of the Bankruptcy Code, the provisions of the Code itself, or case law from other jurisdictions which makes the usage of Chapter 13 precedent as an aid to interpreting situations arising under Chapter 12 repugnant. See H.R. 5316, 99th Cong. 2d Sess., 132

Cong. Rec. H. 8999 (1986), *In re Janssen Charolais Ranch, Inc.*, 73 B.R. 125 (Bankr. D.Mont.1987), *In re Schneider Farms, Inc.*, 83 B.R. 1003, 1006 (Bankr.N.D.Ind. 1988).

B. An examination of developing case law in the area at issue reveals that two divergent lines of authority have developed. A majority of the cases considering the question of whether property of the estate in a case converted from Chapter 13 to Chapter 7 includes property acquired after the filing of the Chapter 13 (and thus, commensurate with this Court's analysis, Chapter 12) Petition have held that the Chapter 7 estate does *not* include property acquired by the debtor subsequent to the filing of the original Petition. See *In re Luna*, 73 B.R. 999 (Bankr.N.D.Ill.1987); *In re Erchenbrecher*, 85 B.R. 42 (Bankr.N.D. Ohio 1988); *In re Gorski*, 85 B.R. 155 (Bankr.M.D.Fla.1988); *In re Swift*, 81 B.R. 621 (Bankr.W.D.Wash.1987); *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.1986).

However, clearly a substantial number of cases have rejected this same conclusion and thereby included this property in the Chapter 7 estate upon conversion. *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984); *In re Winchester*, 46 B.R. 492 (Bankr.9th Cir. 1984); and *In the Matter of Ford*, 61 B.R. 913 (Bankr.W.D.Wisc.1986).

The different Courts deciding this issue have based their decisions on numerous and varied grounds. This Court chooses to approach this matter through yet a different line of analysis.

C. Normally, where an attempt is made to determine what constitutes property of the estate, one must look to 11 U.S.C. § 541 as well as in a Chapter 12 scenario, 11 U.S.C. § 1207 to determine such property. However, in the case presently before this Court, a Chapter 12 Plan was filed and confirmed prior to conversion. This fact completely alters the character of funds earned post-confirmation, as the bankruptcy estate ceases to exist and all future funds earned are the debtor's income which is subject to the specific contractual payments set forth in the Chapter 12 Plan.

Since the debtor's income is earmarked for this purpose, and since the Chapter 12 Trustee is impressed with a fiduciary as well as statutory duty to make distribution to the creditors in conformity with the confirmed Plan or Order of Confirmation [11 U.S.C. § 1226(c)], the right to distribution expected by creditors is not abrogated by either the timing of the payments or by conversion [see 11 U.S.C. § 348(c)].

The above determination by this Court is in conformity with its long-standing opinion that a confirmed Plan is nothing more or less than a contractual obligation entered into between the debtor and his or her creditors with distribution of a finite amount of income produced by the debtor in order to satisfy obligations owed to creditors. In accordance with this contractual relationship, the Trustee serves as an escrow agent, accounting for proceeds and making distribution according to the Plan/contract. Thus, despite the fact that a conversion occurs, the Trustee shall make distribution in accordance with his obligation as a custodial agent of the funds. *In re Reddick*, 81 B.R. 881, 887 (Bankr.E.D.Mich.1987).

■ D. Since a substantial amount of the funds at issue was received by the Chapter 7 Trustee post-conversion, the question arises as to whether the Chapter 12 Trustee, and thereafter the creditors named in the Chapter 12 Plan, are entitled to the funds. The Bankruptcy Code imposes a right of a creditor to expect payment pursuant to a confirmed Chapter 12 Plan regardless of when such payments are made to the Chapter 12 Trustee, so long as they were earned by the debtor pre-conversion. The time of receipt or disbursement by the Chapter 12 Trustee should not be fatal to the creditors' recovery of the funds earmarked for payment to the creditors pursuant to the Chapter 12 Plan. To decide otherwise would thwart the integrity of the negotiation process entered into by all debtors with creditors prior to the submission of a Chapter 12 Plan.

■ E. The Chapter 7 Trustee contends that 11 U.S.C. § 1227 vests all property in the Debtor and thereby, upon conversion, includes such property in the Chapter 7 estate for distribution pursuant to 11 U.S.C. § 507. This Section is specifically subject to modification by a Chapter 12 Plan or Order Confirming Plan. In the instant case, the Order Confirming Plan clearly designates the creditor/recipient of the Debtor's income committed to the Plan and the obligation which the funds are intended to satisfy. Thus, the Debtor's income is not revested in the Debtor.

IT IS THEREFORE ORDERED that the United States Trustee reappoint the Chapter 12 Trustee solely for the purpose of making distribution pursuant to the Chapter 12 Plan.

IT IS FURTHER ORDERED that, upon such appointment, the Chapter 7 Trustee turn over to the Chapter 12 Trustee all funds in his possession for the benefit of the creditors of this case in the amount of $10,825.44, and file an Affidavit of Compliance within ten (10) days thereafter.

IT IS FURTHER ORDERED that the Chapter 12 Trustee file a Final Account and submit a proposed Order of Distribution to this Court within fifteen (15) days of the entry of this Order and upon execution by this Court, make distribution in conformity with the Chapter 12 Plan filed August 5, 1987 and the Order Confirming Plan filed December 22, 1987.