Kenneth E. PEARSON,
Plaintiff–Appellee,

v.

Roy L. HONEYCUTT d/b/a/ Roy Honeycutt & Sons Rodeo Company,
Defendant–Appellant.

No. 90CA1380.

Colorado Court of Appeals,
Div. III.

Jan. 16, 1992.

As Modified on Denial of Rehearing
March 26, 1992.

Certiorari Denied Aug. 31, 1992.

Ripperger & Croshal, James M. Croshal, Pueblo, for plaintiff-appellee.

Lucero, Kadinger & Lester, James K. Lester, Alamosa, for defendant-appellant.

Opinion by Judge DUBOFSKY.

In this action to recover for breach of contract, defendant, Roy L. Honeycutt d/b/a Roy Honeycutt & Sons Rodeo Co., appeals a judgment entered following a court trial awarding plaintiff, Kenneth E. Pearson, $11,000 in damages plus interest. Defendant's sole issue on appeal is whether plaintiff had standing to bring the contract action. We affirm.

Plaintiff purchased a truck/tractor and trailer for hauling goods in 1986. In March 1988, plaintiff and his wife filed for Chapter 13 bankruptcy. In December 1988, plaintiff's bankruptcy action was converted to a Chapter 7 bankruptcy by the order of the Bankruptcy Court. In the nine months between the two bankruptcy actions, plaintiff leased his truck/tractor and trailer to defendant. Defendant failed to make payments on the lease. In July 1989, plaintiff commenced an action for breach of contract.

■ Defendant argues that following the commencement of a bankruptcy action, the bankruptcy estate is created under 11 U.S.C. § 541(a) (1988). This estate is comprised, in part, of the legal and equitable interests of the debtor and the property at the commencement of the case, plus proceeds, product offspring, rents, or profits of or from the property of the estate, as well as any interest in property that the estate acquires after the commencement of the case. Defendant relies largely on 11 U.S.C. § 1306(a)(1) (1988) to support these contentions. Defendant also argues that, if a party files a Chapter 13 case, the bankruptcy estate includes all property of the kind specified in 11 U.S.C. § 541 that the debtor acquired after the commencement of the case but before the case is converted to a Chapter 7 bankruptcy.

Defendant further claims that the rent at issue here belongs to the trustee because, absent abandonment of the claim and assignment, only the trustee can pursue the claim for property and rents belonging to the estate. Defendant relies primarily on *In re Lindberg*, 735 F.2d 1087 (8th Cir. 1984); *In re Winchester*, 46 B.R. 492 (Bankr. 9th Cir.1984); and *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y.1984) to support this latter contention.

While the courts have split over this issue, there is a clear majority of cases favoring plaintiff's position that the property acquired by the bankrupt after the commencement of the Chapter 13 action and prior to the conversion to Chapter 7 is the personal property of the bankrupt and belongs to him. *See In re Bobroff*, 766 F.2d 797 (3d Cir.1985); *In re de Vos*, 76 B.R. 157 (Bankr.N.D.Calif.1987); *In re Gorsky*, 85 B.R. 155 (Bankr.M.D.Fla.1988); *In re Luna*, 73 B.R. 999 (Bankr.N.D.Ill.1987); *In re Lepper*, 58 B.R. 896 (Bankr.Md.1986); *In re Hudson*, 103 B.R. 781 (Bankr. N.D.Miss.1989); *In re Hannan*, 24 B.R. 691 (Bankr.E.D.N.Y.1982); *In re Erchenbrecher*, 85 B.R. 42 (Bankr.N.D.Ohio 1988); *In re Waugh*, 82 B.R. 394 (Bankr. W.D.Penn.1988); *In re Bullock*, 41 B.R. 637 (Bankr.E.D.Penn.1984); *In re Peters*, 44 B.R. 68 (Bankr.M.D.Tenn.1984); *In re Rutenbeck*, 78 B.R. 912 (Bankr.E.D.Wis. 1987).

■ The reasoning of the latter line of cases, which hold that the bankruptcy action commences with the filing of the Chapter 13 action, is well stated in *In re Hudson* and *In re Lepper*. Those cases point out that the property of an estate is determined as of the original commencement of the bankruptcy action. *See* 11 U.S.C. § 541 (1988). Furthermore, the general rule is that a bankruptcy action is created as of the date of the commencement of the Chapter 13 case even when a conversion to Chapter 7 occurs. *See* 11 U.S.C. § 348(a) (1988). Therefore, once a case has been converted from Chapter 13 to Chapter 7, the court must look to the date of the filing of the Chapter 13 proceeding to identify the property of the Chapter 7 estate under § 541.

We note that two bankruptcy courts sitting in Colorado have also disagreed on the correct resolution of this issue. In *Genova v. Thurman*, 43 B.R. 108 (Bankr.D.Colo. 1984), the court adopted the majority rule; whereas, in *In re Marcus*, 128 B.R. 294 (Bankr.D.Colo.1991), the minority rule was followed. We find the majority rule as adopted in *Genova* to be persuasive and, therefore, follow its holding.

■ Defendant next argues that, since plaintiff's plan was not confirmed, plaintiff is not eligible to have his Chapter 13 petition considered as commencing the bankruptcy action. The cases do not indicate that a Chapter 13 court confirmation is essential for the petitioner to have the date of the Chapter 13 filing considered as the

initiation date of his bankruptcy action. *See, e.g., In re Hannan, supra.* Therefore, we conclude that if, as here, the property was acquired during the pendency of the Chapter 13 action prior to a conversion to a Chapter 7 action, the acquired property is owned by the bankrupt. *See In re Hannan, supra.*

Finally, defendant argues that since the rents due here are derived from property owned by plaintiff prior to the commencement of the Chapter 13 action, the rents belong to the bankruptcy trustee. We interpret 11 U.S.C. § 541(a)(6) (1988) to cover rents or profits from a lease in existence at the time the initial bankruptcy action was filed and not one entered into post petition.

For these reasons, we conclude the trial court properly determined that the plaintiff had standing to bring this action, and thus, the judgment in plaintiff's favor is affirmed.

TURSI and RULAND, JJ., concur.