Robert Earl SMITH, et al., Appellants,

v.

Traci STRICKLAND, Appellee.

No. 94–1270–Civ–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 22, 1995.

---

Bridget Ann Heptner, Weinstein, Rosenthal, Tobin & Caldwell, P.C., Atlanta, GA, Joel Sidney Treuhaft, Joel S. Treuhaft, P.A., Palm Harbor, FL, for appellants Robert Earl Smith aka R.E. Smith aka Robert E. Smith and Ginger Smith.

Traci Kay Strickland, M.D. Fla., Chapter 7 Panel Trustee, St. Petersburg, FL, pro se.

---

### ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal from the orders, of the United States Bankruptcy Court of the Middle District of Florida, denying Appellants' Motion for Reconsideration of Order for Turnover of Monies entered by the Bankruptcy Court on June 7, 1994, pursuant to 28 U.S.C. Section 158.

### STANDARD OF REVIEW

This Court functions as an appellate court in reviewing the bankruptcy court's decision. *See* 28 U.S.C. § 158(a), (c). Findings of fact by the Bankruptcy Court will not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir. 1986). However, appellants are entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988). Here, no facts are at issue.

### FACTS

The following facts are relevant to the issues raised in this appeal. On May 29, 1992, Robert Earl Smith, the Debtor herein, filed a voluntary petition for relief under Chapter 13. On or about July 17, 1992, the Debtor filed his Chapter 13 Plan, and on August 5, 1992, the Bankruptcy Court entered a Pre-confirmation Order to Pay Monies to the Trustee.

The Pre–Confirmation Order to Pay Monies to the Trustee directed the Debtor to commence making payments of $460.00 per month to the Chapter 13 Trustee. Such monies were to be held by the Trustee until the Chapter 13 case was confirmed, at which point the monies would be distributed to the creditors, dismissed, or converted.

From August, 1992 to February, 1994, the Debtor paid $460.00 per month, as directed by the Pre–Confirmation Order to Pay Monies to the Trustee. On February 16, 1994, the Bankruptcy Judge refused to confirm the Debtor's Amended Chapter 13 Plan, and on March 2, 1994, entered an order denying confirmation and dismissing the Debtor's Chapter 13 case.

On February 28, 1994, prior to the dismissal of the Debtor's Chapter 13 case, the Debtor exercised his right under 1307(a) to convert the Chapter 13 proceeding to a Chapter 7 proceeding by filing of Notice of Conversion. On March 9, 1994, the Bankruptcy Court acknowledged the Debtor's election to convert his Chapter 13 case to a Chapter 7 case, and entered an Order Governing Procedures After Conversion to Chapter 7 Case.

On March 14, 1994, the Debtor timely filed his Motion for Turnover of Monies. Subsequently, the Bankruptcy Court scheduled a hearing on the Debtor's Motion for Turnover of Monies for April 12, 1994. At that hearing, the Debtor argued that he was entitled to the turnover of the monies paid to the Chapter 13 Trustee on the grounds that such monies were post-petition wages, which had been properly claimed exempt by the Debtor.

On May 12, 1994, the Bankruptcy Court entered an order denying Debtor's Motion for Turnover of Monies. That court held that the Debtor's post-petition wages were subject to administration by the Chapter 7 Trustee. As authority for his denial of Debtor's Motion for Turnover of Monies, the judge cited his prior rulings where he had held that Section 1306 of the Bankruptcy Code made a Debtor's post-petition wages property of the bankruptcy estate.

The Debtor and his non-Debtor spouse filed a Motion for Reconsideration of the Order Denying Debtor's Motion for Turnover of Monies. The Appellants alleged that the monies paid to the Chapter 13 Trustee were not property of the bankruptcy estate and that the Bankruptcy Court made a manifest error of law when it failed to grant the Debtor's motion for turnover of monies. On June 7, 1994, the Bankruptcy Court entered an order denying the Debtor's motion for reconsideration.

Thereafter, on June 17, 1994, the Debtor and his non-Debtor spouse filed this Notice of Appeal. The Appellants seek to have this Court reverse the ruling of the Bankruptcy Court.

### DISCUSSION

■ Two key issues are raised by this appeal. First, whether post-petition, pre-confirmation payments made by Debtor, and held by the Chapter 13 Trustee, are to be returned to Debtor upon Debtor's conversion from a Chapter 13 to Chapter 7 estate. Second, whether, upon conversion from Chapter 13 to Chapter 7, post-petition wages may be claimed exempt by the debtor.

Section 1326(a)(2) was added, under the Bankruptcy Amendments and Federal Judgeship Act of 1984, by Pub.L. 98–353 on July 10, 1984, effective for cases filed ninety days after its enactment. It provides:

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. **If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.**[1] [emphasis supplied].

■ This Court is aware that Congressional language is not an infallible proxy for Congressional intent and that Courts must be mindful of Learned Hand's admonition not to "make a fortress out of the dictionary." *Lewis v. Grinker*, 965 F.2d 1206, 1215 (2d Cir.1992) (quoting *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.)), *aff'd*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945). However, as in all matters involving statutory construction, a court should go beyond the literal language of the statute only if reliance on that language would defeat the plain purpose of the statute. *Bob Jones Univ. v. U.S.*, 461 U.S. 574, 586, 103 S.Ct. 2017, 2025–26, 76 L.Ed.2d 157 (1983). Thus, this Court must begin with the statute itself.

By its express terms, Section 1326(a)(2) directs the Chapter 13 trustee to return post-petition wages to the debtor if a plan is not confirmed. *See In re Gorski*, 85 B.R. 155, 157 (Bankr.M.D.Fla.1988) (holding that Section 1326(a)(2) specifically directs the trustee to return post-petition funds to the debtor when a Chapter 13 plan is not confirmed); *In re Rutenbeck*, 78 B.R. 912, 914 (Bankr. E.D.Wis.1987) (directing trustee, under Section 1326(a)(2), to return the debtor's payments to the debtor); *In re Waugh*, 82 B.R. 394, 399 (Bankr.W.D.Penn.1988) (stating that under Section 1326, where a Chapter 13 plan is not confirmed, the result is sound); *In re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.1986) (noting that § 1326(a)(2) mandates that if no plan is confirmed, undistributed payments by the debtor to the Chapter 13 trustee shall be

---

1. Section 503(b) is not at play in this appeal.

returned to the debtor). *See also In re Lybrook,* 107 B.R. 611, 612 (Bankr.N.P.Ind. 1989), *aff'd, Lybrook v. Robb,* 135 B.R. 321 (N.D.Ind.1990), *aff'd In re Lybrook,* 951 F.2d 136 (7th Cir.1991) (noting that under § 1326(a)(2), where conversion occurs before confirmation, the Chapter 13 trustee is required to return any payments it has received to the debtor). Thus, the Bankruptcy Amendments and Federal Judgeship Act of 1984 appears, on its face, to resolve the first issue presented in this appeal.

■ This Court does not believe that such a literal application of Section 1326(a)(2) defeats the plain purpose of the statute. Rather, the Bankruptcy Code reflects a congressional intent to make attractive and thus, encourage filing of voluntary Chapter 13 petitions. The Eleventh Circuit, in *In re Hall,* 752 F.2d 582, 590 (11th Cir.1985) also noted this congressionally intended attractiveness of Chapter 13 as a goal in correcting deficiencies in Chapter 13 of the old Bankruptcy Act.

Thus, it would appear contrary to the congressionally declared public policy choices underlying Chapter 13, to penalize a debtor for attempting a repayment plan by including, upon conversion, his post-filing payments in either the Chapter 13 or chapter 7 estate. *In re Lennon,* 65 B.R. at 132. (citing *In re Hannan,* 24 B.R. 691, 692 (Bankr.E.D.N.Y. 1982)). Such payments would clearly have been "after-acquired assets", and thus excluded, had they simply chosen to file a liquidating Chapter 7 petition in the first instance.[2]

Although other courts have been reluctant to resolve this issue based solely upon Section 1326(a)(2), this Court believes the clear and unambiguous statutory language of Section 1326(a)(2), along with the public policy rationale behind the enactment of this Amendment mandates but one conclusion: return the Chapter 13 payments to the debtor.

Ordinarily when a debtor's plan is not confirmed the time between the date of filing and the date of conversion will be brief, and the amount of money held by the trustee relatively small. Thus, as stated previously, there are strong policy reasons for returning any payments to the debtor regardless of any exemption claim. However, regardless of stated policy, this Court finds persuasive the rational espoused by the *Lennon* court and adopted by the court in *In re Gorski,* 85 B.R. 155 (Bankr.M.D.Fla.1988):

> Upon the commencement of a Chapter 13 case, a Chapter 13 estate is created that encompasses Section 541's specification as altered by Section 1306. The 1306 alteration, to include the Debtor's future earnings and property acquired after the commencement of the case, is applicable only in a Chapter 13 context. When a case is converted from Chapter 13 to Chapter 7, the Chapter 13 estate ... terminates. A new Chapter 7 estate is created which relates back under Section 348(a) to the date of the ... (filing) of the original Chapter 13 petition. Pursuant to Section 103(h) the provisions of Chapter 13 no longer apply.

*In re Lennon,* 65 B.R. at 135.

Therefore, upon conversion, Section 541 governs what property is included in and excluded from the estate of a Chapter 7 case. Thus, because Section 541(a)(6) specifically excludes post-petition earnings, it is unnecessary for Debtor to claim such property as exempt. *See In re Gorski,* 85 B.R. at 157. Accordingly, it is

**ORDERED** that the order denying the Appellant's Motion for Reconsideration of the Order Denying Debtor's Motion for Turnover of Monies be **REVERSED** and the case be **REMANDED** to the Bankruptcy Court with directions to enter an order **GRANTING** Debtor's Motion for Turnover of Monies in accordance with this opinion.

**DONE and ORDERED.**

---

**2.** Section 541(a) specifies that the estate includes:

(6) [p]roceeds, product, offspring, rents, or profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after commencement of the case.* (emphasis added).