In re Linda L. SPOON, Debtor.

Bankruptcy No. 92–27884–K.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

July 14, 1995.

Amy L. Clunan, Memphis, TN, for debtor.

Madalyn Scott, Staff Atty., U.S. Trustee's Office, Memphis, TN, for the U.S. Trustee for Region 8.

## SUA SPONTE ORDER RE DEBTOR'S "APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE FOR INDIVIDUAL WHO CANNOT PAY THE FILING FEE IN FULL OR IN INSTALLMENTS" COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

In this consumer no-asset chapter 7 case the instant matter before the Court arises out of an application filed by the above-named debtor, Linda L. Spoon ("Debtor"), styled "Application for Waiver of the Chapter 7 Filing Fee for Individual Who Cannot Pay the Filing Fee in Full or in Installments" ("Application"). Based on the following, the Court, on an ex parte basis, provisionally denies the debtor's application as being moot.

Jurisdiction exists over the debtor and the subject matter herein by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and ostensively under H.R. 2519, cited as the "Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1994" (Pub.L. No. 103–121; 107 Stat. 1153) (hereinafter "H.R. 2519").

An application filed by an individual debtor for waiver of the chapter 7 filing fee pursuant to the provisions of H.R. 2519 is a core proceeding under 28 U.S.C. § 157(b)(2)(A). *In re Clark*, infra.

Based on the existing case record as a whole including consideration of "Attachment A" hereto, the following shall constitute the Court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.

The relevant background facts are not in dispute and may be briefly summarized as follows: On July 24, 1992, the debtor filed an original petition under chapter 13 of the Bankruptcy Code. The debtor paid in full the $120.00 filing fee then required by 28 U.S.C. § 1930(a)(1). On September 4, 1992, the Court confirmed the debtor's chapter 13 repayment plan.

On October 27, 1993, H.R. 2519 was enacted. Section 111(d) of H.R. 2519 requires the Judicial Conference of the United States to study the effect of waiving filing fees in chapter 7 cases for individual debtors who are unable to pay such fees in installments. Specifically, section 111(d) of H.R. 2519 provides and requires that:

* no later than March 31, 1998, the Judicial Conference shall submit to the Committees on the Judiciary of the House of Representatives and the Senate a report relating to the bankruptcy fee system and the impact on the system on various participants in bankruptcy cases including an estimate of the costs and benefits that would result from waiving chapter 7 filing fees payable by individual debtors; recommendations regarding revenue sources to offset the net cost of waiving such fees; an evaluation of the effects that would result in cases under chapters 11 and 13 from using a graduated bankruptcy fee system based on the debtor's assets, liabilities or both; and recommendations regarding various methods to implement such a graduated bankruptcy fee system, section 111(d)(1) and (2);

* a pilot fee waiver program be implemented by the Judicial Conference on October 1, 1994, and studied for a three-year period in not more than six judicial districts under which such fees may be waived in chapter 7 cases for individual debtors who are unable to pay the fees in installments, section 111(d)(3); and

* A system of graduated fees be studied by the Judicial Conference in not fewer than six judicial districts in order to estimate the results of a graduated fee system in chapter 11 and 13 cases, section 111(d)(4).

At its March 1994 meeting the Judicial Conference approved the selection of the following six judicial districts to participate in the statutory pilot program and study in chapter 7 cases of the impact of in forma pauperis relief in the bankruptcy courts: the Southern District of Illinois, the District of Montana, the Eastern District of New York, the Eastern District of Pennsylvania, the Western District of Tennessee, and the District of Utah.

In proceedings filed by individual chapter 7 debtors under H.R. 2519 seeking in forma pauperis relief, this Court ordinarily applies a totality of the pre- and postpetition facts and circumstances analysis in determining whether or not to waive the filing fee. The chapter 7 debtor has the burden of proof and must demonstrate by the preponderance standard that he or she is unable to pay the filing fee in installments. See, e.g., *In re Clark,* 173 B.R. 142 (Bankr.W.D.Tenn.1994).

■ It is noted that subsequent to the filing of this chapter 13 case on July 24, 1992, the following bankruptcy fees were established or amended:

(a) The Judicial Conference Schedule of Fees, Item 8, accompanying 28 U.S.C. § 1930(b), now provides that in all chapter 7 and 13 cases filed on or after December 1, 1992, the clerk shall collect from the debtor a new miscellaneous administrative fee of $30.00, in lieu of certain notice fees; [1] and

(b) the $120.00 fee pursuant to 28 U.S.C. § 1930(a)(1) which existed at the time of the filing of this chapter 13 case was increased to $130.00. See 107 Stat. 1164, "Sec. 111. Bankruptcy Fees . . .;" Pub.L. 103–121 (Oct. 27, 1993) (effective 30 days after enactment).

On June 21, 1995, the debtor herein filed a notice of conversion from chapter 13 to chapter 7, pursuant to 11 U.S.C. § 1307(a) and Fed.R.Bankr.P. 1017(d). On June 28, 1995,

---

1. The Court is mindful that on November 4, 1992, the Director of the Administrative Office of the United States Courts announced the United States Judicial Conference's action in establishing the new $30.00 miscellaneous administrative fee. The Director thereafter clarified the position as set forth in the incorporated "Attachment A" hereto concerning cases filed before the effective date of this new fee which later convert to another chapter after the effective date. The position of the Administrative Office is that the newly established $30.00 miscellaneous fee only applies to "petitions" filed on or after December 1, 1992; and if a case was filed before the effective date and converts to another chapter after the effective date, the $30.00 fee should *not* be collected. This Court agrees with the Director's position.

the debtor filed the instant application stating, in relevant part, as follows: "I ... cannot currently afford to pay the [chapter 7] filing fee in full or in installments...."

■ Section 348(a) of the Bankruptcy Code governs the effect of the conversion of a case from one chapter of the Bankruptcy Code to another chapter and provides that while such conversion constitutes an order for relief under the chapter to which the case is converted, the conversion itself does not affect the date of the filing of the *petition*,[2] the commencement of the case, or the order for relief (except as provided in subsections (b) and (c) of this section). That is, subject to limited exceptions not applicable here, where an originally filed chapter 13 case is converted to a case under chapter 7, it is deemed to have commenced on the date the chapter 13 case was filed. See, e.g., *Genova v. Thurman*, 43 B.R. 108 (Bankr.D.Colo. 1984); *In re Langholf*, 37 B.R. 414 (Bankr. N.D.Ill.1984).

Accordingly, it is not appropriate to charge the debtor herein either the new $30.00 miscellaneous fee pursuant to 28 U.S.C. § 1930(b) or the increased $10.00 fee pursuant to 28 U.S.C. § 1930(a)(1). Under a totality of the particular facts and circumstances and applicable law, there are no additional filing fees required to be paid by the debtor in this case, notwithstanding the conversion from chapter 13 to chapter 7. There being no additional chapter 7 filing fees required to be paid by the debtor that would be subject to the debtor's fee waiver request, the instant application is hereby denied as being moot.[3]

Based on the foregoing and the entire case record as a whole,

**IT IS ORDERED AND NOTICE IS HEREBY GIVEN:**

1. The debtor's instant application for waiver of chapter 7 filing fees is denied as being moot.

2. The Bankruptcy Court Clerk shall promptly mail a copy of this Order and No-

tice to the debtor, her attorney, and the chapter 7 trustee and also promptly transmit a copy of this Order and Notice to the United States trustee for Region 8 and the Court's Financial Administrator and In Forma Pauperis Clerk.

3. This Order is being entered without legal prejudice to a party in interest objecting and requesting a formal hearing and reconsideration, provided such is filed within 10 days from the entry of this Order; failing a timely objection and request for reconsideration being filed, this Order shall, ipso facto, become final on its own terms without further order of the Court.

"Attachment A"

**SUBJECT: MISCELLANEOUS FEE, CLARIFICATION**

The Director's memorandum of November 4, 1992 announced the Judicial Conference's action in establishing a new bankruptcy administrative fee of $30 to be collected in all cases filed under chapters 7 or 13 of title 11 in lieu of the noticing fee of $.50 per notice. Since its issuance we have received several calls and letters seeking clarification of the instructions contained therein.

Representatives of the Office of General Counsel, the Bankruptcy Division, the Court Administration Division, and the Accounting Division met on November 17, 1992, to clarify the Administrative Office's position on these questions. This memorandum documents the results of that meeting.

*Question:* Does the fee apply to cases which were filed before the effective date and are reopened after the effective date?

*Answer:* The new fee applies **only** to **new petitions** filed on or after the effective date. Therefore, if a petition which was filed before December 1 is reopened on or after that date, the new fee will not apply. Instead, the noticing fee of $.50 per notice will apply to such cases. The $30 fee will only apply to the filing of

---

**2.** By virtue of 11 U.S.C. § 101(42), "'petition' means petition filed under section 301 ... commencing a case under this title."

**3.** The Court notes that the United States trustee for Region 8 apparently has not filed a written comment for or against the instant application.

original petitions. When a case for which the $30 fee has been paid is closed and subsequently reopened, no additional $30 fee should be collected.

*Question:* Should the $30 fee **be** collected when a joint case is divided?

*Answer:* If the original joint petition was filed before the effective date and is divided on or after December 1, the $.50 per notice applies to both cases. If a joint petition is filed on or after December 1 and is divided, no additional $30 fee should be collected.

*Question: Should a $30 fee be collected when a case converts?*

*Answer: No.* If the case was filed before the effective date of the new fee and converts to any other chapter after the effective date, the $.50 per notice will continue to apply.

For conversions from a Chapter 7 or 13 filed on or after the effective date, a $30 fee will already have been collected when the petition is filed, so no additional noticing fee will apply upon conversion. If a Chapter 11 or 12 case filed on or after December 1 converts to a Chapter 7 or 13, the $.50 per notice charge will continue to apply.

The statutory fee for converting a chapter 7 or 13 to chapter 11 on the debtor's motion will continue to apply regardless of whether the case is filed before the effective date of the new administrative fee.

*Question:* Will the $30 fee be charged where applicable, even though the noticing is performed by the trustee, an independent contractor, or someone else other than the clerk?

*Answer:* YES. The new $30 fee is an administrative charge. It is therefore not dependent upon who actually performs the noticing in a particular case. In those instances where noticing is performed by persons outside the clerks office, such persons will continue to be reimbursed for the noticing.

*Question:* Can the $30 fee be paid in installments?

*Answer:* NO. Federal Rules of Bankruptcy Procedure 1006(b) which authorizes installment payments under certain circumstances, applies only to filing fees and is therefore inapplicable to the $30 administrative fee.

*Question:* Can the $30 fee be waived?

*Answer:* NO. It is the opinion of the Administrative Office that 28 U.S.C. § 1930, which precludes waivers of filing fees in bankruptcy cases, applies with equal force to administrative fees established by the Judicial Conference.

*Question:* Should the clerk reject a petition if the administrative fee is not tendered at the time of filing?

*Answer:* No. As an alternative, the clerk may lodge the petition and notify the petitioner of the deficiency.