**In re Julie M. BEMISH, Debtor.**

**Bankruptcy No. 93–05157–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 26, 1995.

Michael B. Jones, Orlando, FL, for debtor.

Leigh R. Meininger, Trustee.

John H. Meininger, III, Orlando, FL, for Chapter 7 Trustee.

*MEMORANDUM OPINION*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Objection by the Trustee to Property Claimed As Exempt, a 1982 Ford Bronco (Doc. 55). Appearing before the Court were Michael Jones, attorney for the Debtor, Julie Marie Bemish; and John Meininger, attorney for the Chapter 7 Trustee, Leigh R. Meininger. After reviewing the Objection, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

*FINDINGS OF FACT*

On October 25, 1993, Julie M. Bemish ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code.[1] On November 23, 1994, this Court entered its Order converting Case to Chapter 7. (Doc. 35). The Order directed Richard A. Palmer, the Chapter 13 Trustee, to turn over $5,786.38 to the Chapter 7 Trustee for administration in the Chapter 7 bankruptcy proceedings.

The Debtor filed amended schedules claiming the cash held by Chapter 7 Trustee in the amount of $5,786.38 was exempt wages pursuant to chapter 222.11 of the Florida Statutes. The Trustee filed an objection.

*CONCLUSIONS OF LAW*

The issue before the Court is whether the $5,786.38 in post-petition monies becomes part of the Chapter 7 bankruptcy estate upon conversion from the unconfirmed Chapter 13 case to a Chapter 7 case. Section 1306(a)(2) provides in pertinent part:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title—
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306. Thus, § 1306(a)(2) contemplates post-petition earnings from services performed by the debtor while the Chapter 13 case is pending as property of the estate. Collier on Bankruptcy, 15 ed., 1306–3, 4. However, courts are split on whether the original filing date or the date of conversion controls when determining the property of the estate upon conversion. *Matter of Bergen,* 163 B.R. 377, 378 (Bankr.M.D.Fla.

1. 11 U.S.C. § 101 *et seq.*

1994); *Compare Matter of Gorski,* 85 B.R. 155 (Bankr.M.D.Fla.1988) (finding that conversion relates back to the original date of filing the Chapter 13 case) *with In re Lybrook,* 107 B.R. 611 (Bankr.N.D.Ind.1989) (holding that upon conversion from Chapter 13 to Chapter 7, property from the Chapter 13 bankruptcy estate remains property in the Chapter 7 bankruptcy estate), *aff'd Lybrook v. Robb,* 135 B.R. 321 (N.D.Ind.1990), *aff'd Matter of Lybrook,* 951 F.2d 136 (7th Cir. 1991).

The court finds the reasoning of *Matter of Gorski* persuasive. In *Matter of Gorski,* the court held that upon conversion, 11 U.S.C. § 348(a) [2] "requires the court to look back to the date of filing of the original Chapter 13 petition to determine the creation of the estate and what is included as property of the Chapter 7 estate." 85 B.R. at 156. Thus, the court must look to section 541 of the Bankruptcy Code to determine what is included in or excluded from the bankruptcy estate. 11 U.S.C. § 541; *Smith v. Strickland,* 178 B.R. 524, 527 (M.D.Fla.1995); *Matter of Gorski,* 85 B.R. at 157. Pursuant to section 541(a)(6), wages earned after the filing of the petition are not part of the Chapter 7 bankruptcy estate. 11 U.S.C. § 541(a)(6); *Matter of Gorski,* 85 B.R. at 157. Because § 541(a)(6) excludes post-petition earnings, the Debtor need not claim such property as exempt. *Smith,* 178 B.R. at 527.

Although an argument can be made that the creditors were expecting a distribution of the post-petition monies upon confirmation of a Chapter 13 plan, the court notes that to allow these monies to remain in the Chapter 7 bankruptcy estate upon conversion could discourage debtors from utilizing Chapter 13. *In re Mann,* 160 B.R. 517, 523 (Bankr.D.Vt. 1993) (stating that "[b]y returning the wages, debtors would need not pause and consider the merits of an immediate Chapter 7 filing before seeking Chapter 13 relief."). The objection of the Trustee is overruled and the Trustee is directed to return the post-petition monies claimed as wages to the Debtor.

## *ORDER*

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the Objection by the Trustee to Property Claimed As Exempt, (Doc. 55), is **OVERRULED;** it is further

**ORDERED, ADJUDGED and DECREED** that the Chapter 7 Trustee is **DIRECTED** to return to the Debtor the amount of $5,786.38 claimed as wages.

2. 11 U.S.C. 348(a) provides:
Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.